**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) IRVING MURRAY #KP3561                    :   JURY TRIAL DEMANDED
**(Name of Plaintiff)      (Inmate Number)**
SCI-MAHANOY/301 MOREA.RD                    :
FRACKVILLE, PA. 17932-0061                    :
**(Address)**

(2) _____                    :
**(Name of Plaintiff)      (Inmate Number)**
                                             _____
_____                         **(Case Number)**
**(Address)**                                    :

**(Each named party must be numbered,**          :
**and all names must be printed or typed)**       :

              **vs.**                            :        **CIVIL COMPLAINT**
    JOHN E. WETZEL, T. DELBALSO                  :
(1) B. MASON, M. DAMORE,                         :
    J. SILVA, K. KELLNER, J. HINMAN
(2) DORINA VARNER, DRC. RODGERS,                 :        **FILED**
    J. STEINHART, B. HOUSER,                     :        **SCRANTON**
(3) CORRECT CARE SOLUTIONS                       :
**(Names of Defendants)**                         :        MAR 20 2017
                                                 :
**(Each named party must be numbered,**           :        PER _____
**and all names must be printed or typed)**        :             **DEPUTY CLERK**

**TO BE FILED UNDER:** ✓ **42 U.S.C. § 1983 - STATE OFFICIALS**
                       ✓ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

**I.   PREVIOUS LAWSUITS**

    **A.**    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

IRVING MURRAY V. CITY OF PHILA. CORIZAN HEALTH,
U.S. EASTERN DISTRICT COURT. No. 2-11-CV-1604-NLS,
THE LATE HON. NORMA L. SHAPIRO,
IRVING MURRAY V. DEPT. OF CORRECTIONS,,
U.S. WESTERN DISTRICT COURT. No. 1:15-CV-00048-SPB
HON. SUSAN P. BAXTER.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  ✓ Yes ____ No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ✓ No

C.    If your answer to "B" is Yes:

1.  What steps did you take? I Filed initial grievance's: 651442 # AND # 650448 , AND MADE EVERY EFFORT TO APPEAL BOTH BEFORE FILING THIS CIVIL ACTION

2.  What was the result? RESULTS WERE I WAS RETALIATED AGAINST, FOR FILING HONEST GRIEVANCES .(BHCS) REFUSES TO PROVIDE A WRITTEN RESPONSE TO GRIEVANCE # 651442

D.    If your answer to "B" is No, explain why not: IN THEIR ATTEMPTS TO PROLONG i AND FORCE ME TO FILE CIVIL SUIT SO THEY CAN CLAIM PLAINTIFF FAILED TO EXHAUST, DUE TO REBUTTAL-EVIDENCE REGARDING POLICY / "INTERIM-PROTOCOL" AND CONTENTS, AND POLICY- DC-ADM-13.2.1 ACCESS TO HEALTH CARE, EFFECTIVE JANUARY 12, 2017, AS THE PROCEDURES MANUAL FOR THIS POLICY IS NOT PUBLIC INFORMATION AND IS FOR STAFF CONSUMPTION ONLY BECAUSE OF ITS CONTENTS.

## III.  DEFENDANTS

(1)  Name of first defendant: (SEE ADDITIONAL PAGES (#2 thru 35)

    Employed as _____ at _____
    Mailing address: _____
(2)  Name of second defendant: _____
    Employed as _____ at _____
    Mailing address: _____
(3)  Name of third defendant: _____
    Employed as _____ at _____
    Mailing address: _____
        (List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

   (State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.  _____
    _____
    _____

2. _____
_____
_____
_____

3. _____
_____
_____
_____

## V. RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____ SEE - ADDITIONAL PAGES:
_____ PAGES (2 - Thru - 35) WITH; EXHIBITS
AND AFFIDAVIT'S IN SUPPORT.
_____

2. _____
_____
_____
_____

3. _____
_____
_____

**3**

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __15Th__ day of __MARCH__, 20__17__.

___/s/ Irving Murray___
(Signature of Plaintiff)    (Prose)

IRVING MURRAY # KP3561
S.C.I/MAHANOY /301 MOREA ROAD.
FRACKVILLE, PA. 17932-0001

PLEASE SEE ADDITIONAL PAGES
(2 - THROUGH - 35) w/ EXHIBITS

I plaintiff, Irving Murray. graceiously ask that The Clerk of this Honorable U.S. Middle District court "please" provide plaintiff one (1) courtesy copy of this "entire" civil complaint et seq stamped "Filed /Received" before or after it is Carefully reviewed and /or Investigated by this Court, due to my extreme indigency status whereas I'm forced to make a choice between how to produce copies, purchase medications for my pain and suffering with money that i donot have and trying to find a ways to pay to mail out this civil complaint to this court, because of Prison officials refuses to Answer or grant my indigency status for 'Anticipated $10.00, for legal Postage or copies. as their claiming that my GLP-allowance will cover all, in which its Impossible,

4

## EXHAUSTION OF ADMINISTRATIVE REMEDIES FRUSTRATED BY DEFENDANTS BUT FULLY EXHAUSTED AS REQUIRED

A. There is a prisoner grievance procedure available at the institution at Mahanoy.

B. Plaintiff has made "all" reasonable attempts exhaust all his administrative remedies he also made every attempt to work out the serious issues through the established prison channels by utilizing the Inmate's Request To Staff Member, As well as SICK CALL Request. As the Facility Medical staff's actions are clearly and unambiguously illegal and the administrative grievance procedure is clearly shown to be extremely inadequate to prevent irreparable injury. As Reprisal has been taken against me for filing a honest grievances. As exaggerated responses are often a common practice.

EXHAUSTION OF ADMINISTRATIVE
REMEDIES ARE OFTEN FRUSTRATED AND BLOCKED
BY DEFENDANTS IN ATTEMPTS TO PREVENT
INMATES FROM PURSUING A MERITORIOUS CLAIMS
IN FEDERAL COURTS WHERE RELIEF IN THE FORM
OF DAMAGES COULD GRANTED

A. There is a prisoner grievance procedure
available at the institution at Mahanoy,
However, the facility has a customary practice
to "hinder" or "impeded" or frustrate"
prisoners, including Plaintiff, Irving Murray
from bringing his non-frivolous claim of
"Actual imminent injury" before a Federal
Judicial system in which could ultimately
Save plaintiff's "life" Also Defendants
Chief, Secretary's Office of Inmates Grievance
and Appeals intentually, failed to provide
plaintiff Murray, a written decision to his
Appeal to this office regarding grievance
No. 651442 , regarding the "interim protocol"
and Policy 13.2.1 "ACCESS TO HEALTH CARE" and its
statement on page #(4.) section. 3= para. a. As it reads
"Federal" Bureau of Prisons Clinical Practice
Guidelines, October 2015, ? As facility Medical
care physicians assistant's, and Nurse practitioners,
and CHCA. John Steinhart, told plaintiff according to
Policy DC-ADM 820. that plaintiff's Hepatitis C, Asthma,
Hypertension, doesnot exist in his Medical files. and
even if it did that the diagnoses is not defined as
"Chronic" nor is there need for any treatment. therefore
all medical Health care Staff are directed to tell plaintiff
Murray. that he "must " purchase future medications through
the "Commissary" no matter if your "poor or not poor"
even if your suffering excruciating. liver pains, migraines,
back pains, neck, arms, steming from your fall from top Bed.
it doesn't matter. "no pay" go away".

# JURISDICTION AND VENUE

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and law of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the unlawful deprivation, under color of state and federal law, of Plaintiff's Murray's civil rights. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to fully adjudicate the Pennsylvania state law and constitutional claims.

This Court further has jurisdiction to grant damages pursuant to 42 U.S.C. § 1983.

Venue is appropriate in this Middle district Court pursuant to 28 U.S.C. § 1391(g) as substantial events at issue in this Complaint occurred in the Middle District of Pennsylvania.

## PARTIES

Plaintiff, Irving Murray, is a resident of the Commonwealth of Pennsylvania who is "disabled" and currently incarcerated at the Pennsylvania State Correctional Institution at Mahanoy.

3.

## CORRECTIONAL DEFENDANTS

Defendant: T. Delbalso, is the Superintendant at the SCI-Mahanoy, and she is legally responsible for the overall operation of the facility and for the health and welfare of all the prisoners of that facility, And she also has the authority and opportunity to resolve inmates grievances internally on a Appeal to her Office. She is being sued in her (individual and personal) capacities. At all times relevant times Defendant Delbalso has acted and will continue to act under color of law.

Defendant: B. Mason, is the deputy Superintendent for Centralize Services at SCI-Mahanoy, and oversee's medical and Mental Health treatment, grievances, Inmate's Request To staff slips, inmate health complaint issues. She is being sued in her (individual and personal) capacities. At all relevant times, Defendant Mason has acted and will Continue to act under the color of State law.

4.

Defendant: Joseph J. Silva, is the Bureau of Health Care Director and he is legally responsible for supervising and monitoring the delivery of all medical/dental, and food service operations throughout the Pennsylvania department of Corrections System. These Services also includes: responding to inmates written letters concerning complaints about denial of medical treatments, medications, request for outside Specialists, and liver biopsies, and costly anti-viral-drugs,

He sent plaintiff, a letter dated January 25, 2017 as such letter was falsified stating that he is responding to a recent letter, regarding bug bite skin concerns as he falsely claims that my concerns were reviewed by staff and It has been determined that the care provided by SCI-Mahanoy Staff is medically appropriate,

Plaintiff had not ever written him concerning bug bites or skin concerns. Plaintiff wrote Silva, on February 2nd, 2017, Concerning Medical Diet/Filed grievances that were due for response gr. #'s 650448 And # 651442, and concerning denial of hepatitis C medical treatments and unconstitutional Hepatitis C protocols. As he is guilty of (Spoilation of of Evidence) "medical records" and falsification of official documentation and conspiratory inappropriate misconduct of state officials to undermine the judicial process to fabricate the factuality of reality of the ongoing racial discrimination, discrimination ethnic intimidation. Under state ommission of color of state law. he is sued in his individual and personal capacities. he has acted and will continue to act under the color of state law.

5.

Defendant: John Steinhart, is a
Corrections Health Care Administrator
("CHCA") at SCI-Mahanoy, and an employee
of the DOC. as Steinhart works with
healthcare Contractors Correct Care
Solutions and is responsible for oversight
of medical services provided to inmates.
as he oversees and manages the medical
staff, and controls the scheduling of any
medical consultations for inmates of SCI-
Mahanoy, including Plaintiff Mr. Murray.
he is in concert with acts of Spoilation
(Spolialation of Evidence) "medical Records"
and falsification of officials documentation
as conspiratory inappropriate misconduct
of state officials to undermind the
federal court process to fabricate inmates
medical diagnosis and tamper with medical
records. as i overheard him talking
with another nurse while siting in the
medical area in a chair next to the
Medical Administration Office Room# 3.117
steinhart stated those two negros don't
dictate the type of medication we give
as far as he's concern they can die and
rott, especially that damn "Murray" and
that "muslim" "Cop Killer" "Mumia Abu-jamal".

6.

<u>Defendant:</u> Courtney Rodgers, DO., is a licensed and registered physician who is employed as the medical director to provide medical care to plaintiff, Murray, and other inmates, at SCI-Mahanoy. Dr. Rodgers is/was an employee of correct Care Solutions and/or Wexford Health. He is sued in his individual and personal Capacities. At all relevant times, Defendant Rodgers has acted and will continue to under the color of state law.

As he also is in participation with ("Spolialation of Evidence") "medical-Records" and falsification of official medical records And conspiratory inappropriate misconduct of state officials to undermine and manipulate the judicial process only to fabricate the factuality of the plaintiff Murray's medical files. and by giving plaintiff, Murray, exaggerated written responses to plaintiff's ligitimate Serious medical concerns about medical contractors retaliatory acts, as he denies me chronic care medications on february 8th, 2017, and on february 27th, 2017. he told me per-policy and and protocol he can't re-order blood pressure meds Cholesterol, and acid reflux meds or pain meds and definately not HCV Anti-Viral meds, he said that I must go to the commissary to purchace meds per-policy.

**7.**

And on February 24th, 2017, plaintiff wrote defendant Dr. Courtney Rodgers an two (2) page inmate request to Staff, pleading for pain medications due to his chronic joint pre-existing pain due to having a life-threaten sleeping seizure, excurciating back, stomache, head, neck, and foot pains. Also asking Dr. Courney Rodgers about being considered for Medical treatments for a painfull deadly disease known as Hepatitis-C, defendant blantly denied my request, citing "You" are evaluated and the decision to treat for Hepatitis-C comes from the Hepatitis-C Treatment Committee. and every prisoner with Hep-C has the same evaluation. In addition he falsely states that plaintiff has been non-compliant with previous prescribed treatment. as he refered me to purchace pain medications and my asthma inhalers off of the commissary see, exhibits of his writen responses. attached herewith this civil suit.

8.

<u>Defendant:</u> Brenda Houser, RN/ICN

is the infection control nurse who is
employed by the DOC and under contractors
and she is responsible for the care
of inmates with contagious / Infectious
diseases whereas on or around december
2016 and january 2017, i wrote
to ms. Houser by utilizing the inmates
Request To staff, requesting for an
influenza shot. due to my chronic
astmah and due to the deadly flue
epidemic in our region,, defendant
denied me as she claimed that the
season for flue shot are over and
stated that the flu-shots are only
availble for "Parole voilaters", as i expressed
to defendant that I'am a parole violater
who has not been offered a influenza
shot.

On Monday or Tuesday of March 7th
2017, I was called to Medical to be
seen by Brenda Houser, ICN/RN.
Who called me into the Triage room
and she asked me am I sick I said
yes she asked me what from I clearly
stated from having a hard time breathing
inside my cell due to dust in the vents
and not having my Inhalers.

9.

And She quickly Said oh well your already sick with a cold virus. i stated "no" I'am not sick with a cold virus. She then says well I can't give you this flue-injection because it is the last one and that She must give such flue shot to a new parole violater. and She told me to return back to my block.

claims referring to Hep-c against defendant Brenda Houser. RN/ICN See. Exhibit's of responses to Inmate Request To Staff's dated: December 5th, 2016, December 15, 2016 And February 12Th, 2017.

Each named Defendant is sued individually, personally and in his ["or her"] official Capacities. At all times mentioned in this non-frivolous factual complaint each defendant acted under the color of State and Federal law.

<u>Defendant</u>: Correct Care Solutions.

is the current health care provider for "all" Pa. DOC facilities, including SCI-MAHANOY. The principal place of business for Correct Care Solutions is located in Nashville, Tennessee. upon factual information and belief, Correct Care Solutions maintains offices here in the state of Pennsylvania and began providing health care services to the Pennsylvania Department of Corrections on or about September 1, 2014. At all relevant times. Defendant Correct Care Solutions has acted and will continue to constantly act under color of state and Federal law.

## <u>FACTUAL ALLEGATIONS</u>

Plaintiff, Murray was recommitted as a parole violater On October 14, 2016, in retaliation for filing grievances at the Mental Health Community Corrections Center.

Plaintiff, Murray was placed in the DTU/RHU for over two weeks.

11.

On or around October 25th, 2016, plaintiff, Murray was released from DTU/RHU to general population to F/A unit, and assigned to cell # 1019 housed with prisoner/witness Jordan Cross # MB-2544, inwhich that time plaintiff, Murray, was given a direct order to attend his assigned "bed" "Top" bed by the block officer on duty as this officer was asked by plaintiff is there, any Medical restrictions, because of his "epilepsy" seizure disorder and his fall precautions. The officer stated that Medical says that plaintiff has no medical restrictions.

On October 26th, 2016, during the whee hours of the morning plaintiff suffered a sleeping seizure that caused him to fall from the top of his bed bunk upper level, seriously injuring himself as a result of the fall, severly injuring his head, neck, arms, legs, back, and shoulder on a steel bench and table inside his cell # 1019, plaintiff's cellmate Jordon Cross Doc # MB-2544, frantically woke-up and ran out of the cell to the front desk alarming officer CO.1 Holly on duty officer Holly notified the Medical dept, and was told to tell plaintiff to submitta sickcall and place it in the box and that plaintiff. Murray will be seen in a couple days

**12.**

plaintiff said to officer Holly. C.O.1. that he's severly injured and in alot of pain coupled with swollen, as plaintiff was ordered to go back to his cell and lay down. a few minutes afterwards plaintiff was called out of his cell by the unit manager Kevin Kellner. as the unit manager Mr. Kellner stated to plaintiff that theres nothing in the comupter that your restricted to bottom bunk and he added by saying to plaintiff Murray. quoting that every inmate is not entitled to a bottom bed status.

Plaintiff was given a pass-slip and told to walk up to "Medical Triage" Once plaintiff arrived at medical he was attended to by three (L.P.N'S) Licensed Practice Nurses. one by the name Alice stated what were you doing up on the Top bed and why hasn't your block officer Call us right away? I explained to her that he did. She says No that not true and it's unbelievable and it's against the law to do. Nurse Alice says she's writing this in her report because she can see clearly that I'am injured as my legs, neck, shoulder and arm was swollen, she explained that some one is in trouble and its not us in medical. nurse Alice stated to leave this matter alone so that it's not blown up bigger as she says it doesn't need to get out of the facility. because inmates already have alot of legal action against medical. she said that the sick calls I put in about this issue will be torn up and thrown away. As she stated that the Physician Assistant will be seeing me 'Mr. R. Miller. and he is ordering x-rays and pain medication. see-attached grievance and affidavits / Declarations in support of the facts. grievance # 650448 and it's entirety. with copies of sick calls,

**13.**

Despite the severity of plaintiff's injuries and the excruciating pain plaintiff suffered as a result of these injuries, only 3-three Ibuprofen were administered to plaintiff after the fall. and then abruptly discontinued by a Chronic care nurse Practitioner who says that her hands are limited to what she can do for plaintiff, and she is instructed to follow policy and that she's gonna refer me to the Commissary for any future Chronic back, neck, and leg pain due to the fall. Plaintiff requested her name she declined to give her name. Plaintiff endured severe pain throughout the months from his extensive injuries. despite the serious pain, Dr. Courtney Rodgers and (CHCA) RN. John Steinhart Stated to plaintiff in writing and orally that he is not due to be seen in chronic care Clinin for his pain for atleast several more months and that his back pains must be addressed at sick call and to go Commissary pain meds, he also cited that Correct Care Solutions, CCS Practitioners are given directions to refer plaintiff to Commissary by their Supervisiors. as two (2) Sickcalls were attached to the Inmates Request To Staff, and were altimately ignored

†4.

Dr. Courtney Rodger MD. refuse to arrange for any future follow-up cares for plaintiffs injuries as he told plaintiff it's Policy

After, Plaintiff filed grievances but was the target of harassment and retaliation from unit manager Kellner and Psychology staff as well as all medical staff mentioned all names involved. On subsequent occasions, defendant unit manager Kellner and psychologist staff ms. Voekler retaliated against plaintiff and moved him to B-A-unit. denying him Mental health programing on A-unit, for filing grievances and lawsuits and for his afilization with Political Prisoner/witness Mumia Abu-Jamal # AM-8335.

plaintiff was warned by defendants to drop the grievances or be placed on the B-unit, And that Medical and Mental Health records will be falsified, altered, etc.

**15.**

Plaintiff's Witnesses were warned that if they assist me with proving the unlawfull acts upon me they will also be subject to punishment in many different forms, Both witnesses are Jordon Cross #MB-2544, and Daniel Cruz # LU-_____ as they both on different occassions witnessed defendants harass and threeten to retaliate against me for filing honest grievances on unlawful practices of prison officials and medical Staff's unlawful conduct.

As defendant Kellner and Major Damore told plaintiff that he "was the type who liked to file grievances and expose us as both Major Damore and Kellner. said it didn't matter if [Murray] filed a (lawsuit) because he wasn't going get anything done besides as Kellner said "were" protected by the Eleventh Amendment Sovereign immunity Standard.

These acts of the defendants represent a of events demostrating intentional retaliation against plaintiff by et.al. named defendants for filing grievances and geting help from political Prisoner Mumia Abu-Jamal (#AM-8335

PRELIMINARY STATENT OF
SECOND FACTUAL COMPLAINT
AGAINST HEALTH CARE DEFENDANTS
AND THEIR CONTRACTORS

(1) THE Pennsylvania Department of Corrections
and its unknown hidden Hepatitis C committee
and health care providers, Correct Care Solutions,
have previously failed to adopt proper guidelines
for prisoners suffering from Hepatitis C, which
includes Plaintiff, Irving Murray. Despite the
availability of medications that would "cure"
the underlying Hepatitis C infections of prisoners,
the DOC and health care providers in the
past had no policy on the availability or of
such medications. Moreover, to the extent that
these new medications have changed the standard
of care and rendered the previous drug
therapies less viable, Defendants have ceased
administering the previously provided treatments
to prisoners. In addition chose withholding
drug therapies and treatment, to save cost,
Defendants have also failed to accurately provide
proper monitoring of Mr. Murray's Hepatitis C
and underlying conditions, have purposefully
failed to provide any consultations with an
outside trained Licensed specialists, and have
constantly "retaliated" against plaintiff Murray
for obtaining Rebuttal-Evidence personally from
political prisoner Mumia Abu-Jamal # AM-8335,
and from attorney Angus R. Love, and because of
plaintiff's association in citing this on multiple

**17.**

Inmate's Request To Staff Slips and his Grievance filed grievance # 651442. Appealed to the Highest Level. In addition to multiple letters to the Director of Health Care Services Joseph J. Silva. on: February 2nd 2017. And received an outragious letter of response to this only one time written letter addressed to his and in his name. I received a letter dated January 25, 2017 and then another on March 1, 2017. When plaintiff only wrote him once. requesting "RE: MEDICAL DIET / FILED GRIEVANCES FINAL APPEAL DUE. FOR A RESPONSE GRIEVANCE #S No.# 651442 And No.# 650448.

See Exhibits of my letter dated: 2/2/17. and it's Contents. Also see his 2-Letters in response to the serious nature of my written letter. his letters of responses dated January 25th, 2017, and March 1, 2017. totally failing and ignoring my concerns. In addition stating in his letters that copies were forwarded to both Deputy Superintendent for Medical, B. Mason and CHCA-Steinhart which promptly caused plaintiff to write both Deputy Superintendent. B. Mason and CHCA-John Steinhart. only to discover that the letter was Bogus / falsified and that both Deputy Supt Mason and CHCA-Steinhart had not ever received such copy of said letter from (BHCS) nor does the have any knowledge of inaccurate complaints of me complaining of Bug bite Skin concerns, but both refuse to address or comment on plaintiff's real Health Concerns. See evidence of plaintiff's two (2) written Inmate's Request dated: February 2nd. 2017. and February 3, 2017

18.

Also In addition Plaintiff wrote to Dorina L. Varner and Keri Moore both the Chief Grievance officers and their office of Chief Counsel due to their failure to timely respond or to respond at all to my grievance Appeal on Final level in regards to grievance # 651442. concerning DOC's new Hepatitis C "interim-protocols" and it's contents thats caused and Continue to cause futher unnecessary wanton and infliction of pain.

Defendants are being reincorporated as stated and unstated names are as follow.

Defendant T. Delbalso, is the Superintendent at SCI-Mahanoy and she oversees medical treatment, grievances and inmate health issues. and has the authority to investigate and correct any and all wrong doing on an institutional level without a courts involvement but she fails to do so. She is sued in her official, individual and personal capacities. At all relevent times, Defendant Delbalso has acted and will continue to act under color of State law because she is guaranteed Eleventh Amendment immunity and knowing that Federal courts will not overide immunity of a State official so this enables her to continue to act under color of State and Federal laws.

**19.**

Defendant. B. Mason. upon information and belief, was the unit manager at one time and was known to cover up illegal practices of her co-workers, and since is now promoted to the Deputy Superintendent for Centeralize Services, at SCI-Mahanoy, and oversees medical and mental health treatment, grievances and, inmate written request to staff slips complaints on inmates health issues. She is being sued in her official, individual, and personal, capacities. At all relevant times. defendant, Mason, has acted and will continue to act under the color of state and federal law. because She is also protected under States's Eleventh Amendment immunity.

Defendant Kevin Kellner, is the unit Manager of F-Unit at SCI-Mahanoy, and he oversees the operations of F-unit which consist of two Units F-A and F-B, and the staff and inmates cell assignments and bed assignments. he is sued in his official, individual, and personal Capacities. at all relevant times, he has acted and will continue to act under color of state law.

Defendant, Jane Hinman, is the Grievance Cooridinator / superintendent's Assistant at SCI-Mahanoy She is sued in her official, personal and individual capacities. At all relevant times. She has acted and will continue to act under the color of state and federal Law. because She is also protected under States Eleventh Amendment immunity.

20.

Defendant. Courtney Rodgers, D.O., is a licensed and registered physician who is currently employeed as the medical director to provide adequate medical care to plaintiff Murray, and other prisoners at SCI-Mahanoy. Dr. Rodgers is an employee of Correct Care Solutions. and He sued in his individual, and official, personal, capacities. At all relevant times. Defendant has acted and will continue to act under the color of state and federal law.

Defendant, Dr. Jay Cowan, and central office Bureau of Health Care Hepatitis-C committee, are all licensed and registered medical physicians who is currently employed to provide adequate treatment to plaintiff, Murray, and other inmates of the DOC. they're also employees of Correct Care Solutions. And they are also sued in their personal, individual, and official, capacities. they has acted maliciously and sadistically and will continue to act under color of state and federal law. as they are protected under the Eleventh Amendment Immunity, which enables them to continue to unlawfully act under the color of law.

21.

## COMMON FACTUAL ALLEGATIONS

Plaintiff. Irving Murray. was re-incarcerated for filing a grievance on the DOC's Community Corrections Centers for related reasons of this complaint on or around September 2016. and late October 2016 and as a result of making multiple phone calls to Central office Executives. and the Pennsylvania Governor's office about DOC'S unconstitutional "interim Protocols" and abuse of the Mentally Ill, rentrants, DOC'S Bureau of Corrections Lieutenant Dave Murray. and Bureau of Community Corrections Director Zakia Johnson, ordered Pa Parole Agent to return plaintiff back to the Doc. because of his pending civil suit against SCI-Albion, and his intent to file additional civil suit against the DOC's community Corrections. Medical and Doc's officials. as parole agent Ms. Johnson admitted that plaintiff ruffled some nerves because he had alot of Credible evidence of serious illegal violations of Docs staff and Medical staff under Contract.
And on October 14, 2016. plaintiff Murray. was sent back to a SCI. as a result of his ligitimate complaints. and was placed in the Restricted Housing Unit / BTU. for over 3 weeks. at SCI MAHANOY on Friday October 14, 2016.

## 22.

Prior to his incarceration from the Gaudenzia House and Wernersville Community Corrections Center he was not receiving any type of treatment because The DOC's and Correct Care Solutions failed to have a hepatitis C treatment protocol in place for a period over 23 months, during which time plaintiff sought and was clearly denied treatment because he filed a civil suit in the U.S. Western District Court, and was told by one of the defendants in that civil action, defendant, Daniel Stroup, a week prior to plaintiff being paroled. Daniel Stroup said you'll never win for many reasons as he said It's your word against our's, and all we have to do is submitt Affidavits to the Judge saying your receiving treatments and your refusing medications. he also said besides the judges in the U.S. Western district is going to take our side, and he said this is why the DOC is paroling you out of here so fast. it will cost us too much money to spent on treating you.

During plaintiff's recommitment at SCI-Mahanoy. Murray repeatly requested medical treatment, including viral load level testing, liver biopsies, and administration of anti-viral agents. plaintiff was informed by Defendants at SCI-Mahanoy that they could not, or will not, provide any type of treatments for any of his medical conditions. including pain meds or his asthma inhalers, and states plaintiff must purchase medications off the Commissary. and if he is poor and has no money he just have to suffer

23.

Moreover Defendants at SCI-Mahanoy indicated that there was a new Hep-C Protocol in place as of November 2016, and that they will pick and chose who they want to treat and who they will not treat.

Plaintiff filed a grievance, or grievances regarding this unconstitutional act of discriminating as to who the will or will not treat solely because the inmate is colored and poor. and because of his afiliation with well-known political prisoner Abu-Jamal, whom reached out to help me to save my life.

In addition defendants have deliberately denied providing treatment to inmates with a serious medical condition and they choosen a course of monitoring instead. The continue to do so with the knowledge that they falsify, alter, and tamper with medical files of plaintiff's also defendants are well-known to submitt false evidence to the courts through and by their attorney's, in their attempts to save money. As Correct Care Solutions is a well-know (for-profit) medical contractor like it's prediscessors, Corizan Health, Wexford Health, PHS, MHM, all are the same

24.

as plaintiff is told by defendants maintained that plaintiff Murray, do not qualify for treatment. because the reality is that Hepatitis-C drug cost around $85,000 to $94,500.

When in fact the defendants constantly tells plaintiff, Murray, that he has a very low hepatitis C viral load level and that plaintiff will not get sick for many more years to come. Defendants knowingly knew that plaintiffs viral load has totally nothing to do with the progression of the disease. And to make matters worse Defendants newly Hepatitis C " interim protocol" and it's contents is so diabolical, defendants should be facing indictment by the Federal authorities. It's no wonder why it has to be kept from public view. also Mental health records are often falsified including plaintiff's diagnosis as the defendants will falsify mental health records and reports they will even use false letters from plaintiff's Liver doctor from Albert Eienstein Center for Liver disease as they will change the dates and wordings to their defense.

as the defendants are famous for falsely documenting that plaintiff has periods of exacerbated illness associated with delusions and paranoia. and they will try to get the courts to buy this in their defense.

25.

As a result of these unconstitutional, unlawful, and unethical practices of failure to provide any type of adequate medical medical care, including eye-care, and dental as evidence that Mahanoy's medical Defendants has practiced a policy to falsely document that the plaintiff was a "no-show" or non-compliant, after speaking with CHCA John Steinhart on 3/1 2017 face to face he stated that all my sickcalls are thrown away he said it was by orders of his supervisors in central office. to not treat any of my medical concerns, and to direct me to commissary for pain meds for pains due to my liver, stomache pains I asked him what if i am indigent and dont have any money, defendant stated thats too bad.

Also as a result of failure to provide medical care, and their choice of retaliation instead Murray has suffered, and continues to suffer, from symptoms and conditions related to his Hepatitis C, including but not limited to the following:

a. Liver damage and scarring;

b. Cirrhosis;

c. Jaundice;

d. Respiratory complications.

26.

e. Severe migraines;

f. Severe excruciating chest and stomach pains;

g. Exacerbation of depression and psychological damage and issues;

h. Constipation; and Physical and permenant pain and suffering.

Should plaintiff's Hepatitis C remains untreated and Plaintiff Murray's conditions continue to go unchecked, it will definately result in further liver deterioration, liver disease, liver cancer, cirrhosis, and then most likely "death".

## DEPRIVATION OF EIGHTH AMENDMENT RIGHT TO MEDICAL CARE

Plaintiff incorporates all documentary evidence as thoug the same were fully setforth herein this civil rights complaint.

Defendants' acts and omissions in failing to provide updated and adequate guidelines and medical treatment, and is well known to falsify, nullify, alter, tamper, medical records, and progress medical notes, in attempts to introduce false evidence in a judicial process constitutes a deliberate indifference to plaintiff's Murray's rights under the Eighth, and Fourteenth, Amendment of The United States constitution.

27.

## COUNT II
## DEPRIVATION OF RIGHT NOT UNDER GO CRUEL AND UNUSUAL PUNISHMENT

Defendants' failure to provide updated and adequate guidelines and medical treatment constitutes a deliberate indifference to the rights of plaintiff Murray, and is violative of Article I, § 13 of the Pennsylvania Constitution and Constitution and laws of the United states, and is causing Plaintiff, Murray. pain. Suffering, physical injury and emotional distress and mental anguish.

by witnessing Defendant(s) of correct Care Solutions, and all name Medical employee's and their agent's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant(s) is also violating Plaintiff Murray's rights under the Eighth Amendment to the United States constitution, causing plaintiff fear for his life, pain, Suffering, pshyical permenant injury and said policies, practices, acts and omissions comprised, as policy, "interim protocol" and its contents caused violation of plaintiffs rights under the Fourteenth Amendment to the United States Constitution.

# 28.

By threatening Plaintiff, Murray and retaliating, for exercise of his right to seek redress from the prison and the goverment through using of the DC-135A, Inmate's Request To staff Member, and the DC-804, Official Inmate Grievance System, both Prison officials and Medical Defendant(s) retaliated against Plaintiff Murray, by intentionally rejecting grievances, claiming that grievances were are not presented in a clear or courteous manner, or inappropriate, and their real reasons for rejecting Plaintiff's grievances because he made statements about factual abuse and prison conditions of SCI-Mahanoy's Medical dept. staff's unlawfull acts and misconduct, as well as racisim that is currently ongoing here at SCI-Mahanoy and the DOC's facilities, state-wide, as plaintiff Murray, Obtained Affidavits/Declarations from inmates-witnesses, and as plaintiff Murray quoted articles of the Prison Legal News. Magazines Mailed to him with a confidential Legal Letter from Sabarish P. Neelakanta, Attorney at Law, Where as She Suggested that i pay close attention to February 2017, PLN-vol 28 No.2, ISSN 1075-7678 and instructed plaintiff to read page #21. On Correct Care Solutions,

**29.**

unlawfull conduct regarding Hepatitis-c,
as defendants became angry, and started
rejecting all submitted sickcall slips
intercepting grievance appeals stating
my appeal that I submitted were never
received or It wasn't attached???
unlawfully withholding all incoming and
outgoing u.s. mail including future
Prison Legal News Magazines, distruying
the contents of PLN-magazines, intercepting
out going "Legal Mail" to remove documents
of evidence. on abuse and miscoduct of
Medical officials, anything that will
prove a negative in a court will be removed
possibly altered etc. all these in violation
of Plaintiff Murray's rights under the
First Amendment to the United States
Constitution. These illegal actions
are causing Plaintiff. Murray. injury
and intimmedation, to his First
Amendment rights.

30.

At all relevant times, the individual and and corporate Defendants had a duty to act in accordance with the standard of care required of medical providers and to act as a reasonable and humane corporation.

Defendants, Correct Care Solutions, individually, and by and through its employees, agents, and/or apparent agents, violated its duties in the following particulars:

1. In failing to timely adopt updated treatment guidelines;

2. failing to provide liver biopsies and upper and lower scope [endoscopy] to plaintiff Murray;

3. In failing to provide or request appropriate outside screening and imaging studies for plaintiff Murray,

4. In failing intentialy to request or provide appropriate outside consultations from a licensed trained hepatologist and/or other medical specialists; instead using old information from hepatologist Dr. Eyob Feyssa, and falsifying, altering the medical information and dates on previous letters.

31.

5. Failing to adequately train medical staff also allowing physicians who practices under a license that barred him or her from treating most people. and allowing Doctors, nurses, LPN's, who has Scars on their professional records to practice under a special Pennsylvania license that restricts their work duties to prisons and county jails only. Knowing that nurses, doctors, physicians assistants, has restrictions on their licenses or for other reasons.

6. In withholding and/or discontinuing plaintiff Murray's medication(s); and callousley making plaintiff endure severe pain and suffering, telling him to goto commissary to purchace pain medication. and if he's indigent that he must suffer agonizing pains. per-policy DC-ADM. 13.2.1 "Access to Medical Care" and, "interim protocol". ACCESS TO HEALTH CARE

7. In intentially failing to provide timely treatment and causing undue delay of all treatment to plaintiff, Murray.

32.

Defendants, Correct Care Solutions are vicariously liable for their negligent and unconstitutional acts, Commissions, and omissions of its employees, agents, and/or apparent agents. Defendants' aforementioned negligence was and will continue the direct, legal, and proximate Cause of plaintiff Murray's past, and current ongoing injuries, and, due to defendants' "interim protocol" and its Contents, causes me to believe it to be a form of "State-Sponsored murder", and torture (for-profit), and plaintiff Murray will continue to be irreparably injured by the contents of Such Said policy and by its makers. Wether Such policy/protocol, is approved by the U.S. goverment or State and local goverment. because this is not "moot" issue, its causing the deaths of many prisoners world-wide.

33.

# PRAYER FOR IMMEDIATE RELIEF

A. As a result of both Defendants' Prison officials and Medical officials, Conduct Plaintiff seeks damages, including:

1. A declaratory judgment that all Defendants' Conducts violated the Eighth and Fourteenth, and First Amendments of the United States Constitution and Article I § 13 of the Pennsylvania Constitution.

B. Injunctive relief ordering Defendants:

1. To immediately provide plaintiff, with appropriate medications, such as Harvoni, Olysio, and/or Solvadi ; and to provide Plaintiff ongoing treatment, screening, testing, and monitoring, which may include additional liver biopsies, outside licensed hepatology care, cancer treatment, and a need for partial or full liver transplant.

2. To provide plaintiff with adequate medical and psychiatric treatment and housing, treatment, screening, testing including treatment with appropriate psychotropic medications, And a Transfer to a less Conterversal Facility while suit is pending, for plaintiff's safety and well-being

34.

C. Issue an Injunction ordering Defendants T. Delbalso, B. Mason, and all their agents to: Immediately arrange for the plaintiff's need for physical therapy or other follow-up medical treatment to be evuoluated by a medical practitioner with expertise in the and restoration and functioni of his neck, back, and arm, and shoulder. due to the fall out of top bed. and to cease all forms of retaliation.

D. Award compensatory damages, and punitive damages.

E. Reasonable attorney's fees, costs, and litigation expenses; medical expert /witness fees, costs. And that Defendants Provide Plaintiff copies of his Medical records /Institutional files.

F. Grant such other relief that the Honorable United States court deems just, proper, and equitable.
Thank you very much.

Dated 3-15-17    MARCH    Respectfully-Submitted:
/S/ dwina murray.
SCI-MAHANOY /301-MOREA ROAD,
Frackville, Pa. 17932-6001
35.