IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVING MURRAY, (PRO-SE), (PLAINTIFF) | CIVIL ACTION No: 3:17-CV-0491 |
| VS. | JURY TRIAL DEMAND |
| JOHN E. WETZEL (ET AL.), (DEFENDANTS) | JUDGE R. CONABOY DATED: 10/12/2017 |

SCRANTON
OCT 26 2017
PER ___ Amo
DEPUTY CLERK

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 34(B) AND 37(A), OF THE FED. RULE CIVIL PROCEDURE., NUNC PRO TUNC

The plaintiff, Irving Murray, pro-se moves this court respectfully pursuant to rule 34(b) and 37(a), of the Fed.R.Civ.P., for an courts order compelling the defendants to produce documents and interrogatories requested on july 27th 2017.

Dated: OCTOBER, 12, 2017,

## STATEMENT OF THE FACTS AND OF THE CASE

This is a § 1983 action filed by a pennsylvania, prisoner at Sci-Mahanoy Correctional facility seeking treatment for Hepatitis C, damages, a declaratory judgment, and for

(2-OF-8)

Injunctive Relief based on the use of an illegal and unconstitutional policy Specifically the [h]epatitis C <u>Interim-protocol</u> and <u>Risk-stratification</u> the denial of due process, and the denial of medical and mental health care. abuse, falsified/fabricated medical and mental health records diagnoses, racism, and retaliatory conduct on july <u>27Th</u>, 2017, the plaintiff served a request for production of documents and interrogatories pursuant to Rules 33 and 34, 26(b)(1), Fed R. Civ. P., as set forth in the plaintiff's declarations and his letters to this court, the defendants failed to respond within 45. day that was given as a couresty by the plaintiff and defendants did not make any kind of effort but rather circument the issues and file a motion to stay Discovery only to prolong pain and suffering and further damage to plaintiff liver. nor did defendant obtain an extension from the court by contacting the plaintiff. after (4) four months going on five(5) months the plaintiff requested a response. after Several more weeks, defendants still refuse to respond in which they objected to

(3-OF-8)

to the plaintiff requested response. After several more weeks, the defendants counsel served a letter of response in which they objected to plaintiff's entire request unless he could pay money knowing that it is nearly impossible that he can foot the bill. In other words be able to pay the fees. Defendants counsel has not responded to the plaintiff's efforts to resolve this ultimate dispute. See plaintiff's letter previously mailed to this court, and his Declarations.

## ARGUMENT- POINT 1
### DEFENDANTS HAVE WAIVED THEIR OBJECTION BY THEIR FAILURE TO RESPOND TIMELY OR AT ALL TO THE RESPECTFULL REQUEST

the rules provide that responses and objections to requests for production of documents and interrogatories are to be served within 30 days of the request unless this court grants a shorter or longer time. Rule 34, Fed. R. Civ. P. The defendants, however, waited almost three to four months without obtaining or even seeking permission from this court nor has this court responded

(4-OF-8)

to plaintiff's multiple letters regarding a ruling on his Discovery or Injunction/TRO motions nor motions seeking relief and Discovery, or agreement from the plaintiff for this long Delays.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatorie production requests, or other discovery efforts" Godsey v. United States, 133 F.R.D. 111 113 (S.D. Miss 1990); accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 368 (D. Conn. 2005); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 670-73 (C.D. Cal. 1998) Demary v. Yamaha Motor Crop., 125 F.R.D 20, 22 (D. Mass. 1989) and cases cited. This waiver is enforced even if the objections are based on a claim of privilege, Marx v. Kelly Hart & Halman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Fonville v. District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C. 2005); Fretz v. Keltner, 109 F.R.D 303, 309 (D. Kan. 1986) and cases cited. U.S. ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996). As shown in the next point the discovery sought is not only proper but is highly appropriate and relevant.

(5 of 8)

# POINT-II

## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS TYPE OF CASE

Defendants' belated objections state that they shouldn't be subject to Discovery until this court rules on their motion to Dismiss their arguement is frivolous. It's another form of sophisticated tactic to intimidate and circumvent the courts final decissions, as well as undermine this courts actions. Rule 26(b)(1), F.R.Civ.P, permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Barnes v. City of Cincinnati, 401 F.3d 729, 741-42 (6th Cir. 2005) ("intent" to discriminate); Heno v. Sprint/United mgmt. Co. 208 F.3d 847, 856 (10th Cir. 2000) (anecdotal evidence of discrimination admissable if incident can be tied to plaintiff's circumstances through, for example, common supervisions and same time frame); Hynes v. Coughlin 79 F.3d 285, 290-01 (2d Cir. 1996);.

(6-OF-8)

## CONCLUSION

For all the foregoing reasons, the honorable court should respectfully Grant plaintiff's motion to compel Discovery. as this is being properly filed in a good faith effort in attem to resolve disputes and quickly resolve this case out of respect for this honorable United States of Pennsylvania middle District court Judges.

Dated: October 12th, 2017.

IRVING MURRAY # KP3561
301 MOREA ROAD,
R.T.U / A/A  #40 CELL
FRACKVILLE, PENNSYLVANIA
17932-0001
pro-se /S/ Irving Murray
SSN: 211-54-KA6

CC: Irving Murray   File/Diskette
    United States Government/Courts
Hon. Richard P. Conaboy
Mumia Abu-Jamal # AM-8335
ATTY / BRET GROTE, ESQ
    PRISON LEGAL NEWS ATTY'S.
U.S. DEPT. OF JUSTICE

(7-OF-8)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IRVING MURRAY, (PRO SE) (PLAINTIFF) | CIVIL ACTION NO: 3:17-CV-0491 (JUDGE-CONABOY) DEMAND JURY TRIAL DATED: OCTOBER 12, 2017 |
|---|---|
| VS. | |
| JOHN E. WETZEL (ET. AL.) (DEFENDANTS) | |

CERTIFICATE OF SERVICE

I, Irving Murray, hereby certify that I am on this date depositing this motion and brief combined in the United States mail box on the Sci Mahanoy's A-unit RTU. outgoing U.S. mail Plaintiff's motion to compel discovery and brief with an proposed order attached serving upon the clerk of court to furnish all defendants with a copy due to my financial circumstances. Mailed To: CLERK

PETER J. WELSH, ESQ.
OFFICE OF THE CLERK OF THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL (BLDG) &
UNITED STATES COURT HOUSE
235 NORTH WASHINGTON AVENUE
POST OFFICE BOX-1148
SCRANTON, PENNSYLVANIA - 18501-1148
TEL: (570) 207-5600

And thus satisfies the service requirements Pursuant to Fed. R. Civ. P. 5(b)(2)(E); L.R. 5.7.

Dated: October 12, 2017.

/s/ Irving Murray
(Pro-Se) Prisoner # KP-3564          (8-OF-8)

UNITED STATES DISTRICT COURTHOUSE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVING MURRAY (PRO-SE) (PLAINTIFF) | CIVIL ACTION NO: 03-17-CV-0491 |
| VS. | DEMAND JURY TRIAL DATE: 10/12/2017 |
| JOHN E. WETZEL (ET AL.) (DEFENDANTS) | PROPOSED ORDER |

## ORDER

AND NOW, This _____ Day of _____, 2017, upon consideration of the plaintiff's Irving Murray's MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT TO COMPEL DISCOVERY COMBINED, THIS MOTION IS HEREBY GRANTED, JUDGEMENT SHALL BE ENTERED ACCORDINGLY.

BY ORDER OF THE COURT:

/S/
_____
HONORABLE JUDGE RICHARD P. CONABOY
UNITED STATES DISTRICT JUDGE.

(1-OF-8)

JACK PARKER KZ 7492
SCI MAHANOY
301 MOREA Road
FRACKVILLE PA 17932

RECEIVED
OCT 26 2017
PER _____ DEPUTY CLERK

Hasler
10/24/2017
US POSTAGE $000.67⁰
ZIP 17932
011F19650029
FIRST-CLASS MAIL

INMATE MAIL
PA DEPT OF
CORRECTIONS

PETER I WELSH, ESQ
Office of the Clerk
United States Dist Court
Middle District of Penna
William J Nealon Fed & US Court
235 North Washington Avenue
Scranton, PA 18501-1148