# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVING MURRAY (PRO SE) (PLAINTIFF) **FILED SCRANTON** DEC 2 2 2017 PER ___ DEPUTY CLERK VS. JOHN E. WETZEL (ET AL) (DEFENDANT(S)) | CIVIL ACTION NO. 03:17-CV-0491 (JUDGE CONABOY) (JURY TRIAL DEMANDED) FILED: 12/24/2017 /S/ Irving Murray |

## PLAINTIFF'S SECOND ORDER TO SHOW CAUSE FOR AN EMERGENCY PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER COMBINED WITH MEMORANDUM OF LAW IN SUPPORT

## PURSUANT TO RULE 65(a) OF THE FED.R.CIV.P. NUNC PRO TUNC

upon the plaintiff's first filed injunction and temporary restraining order, supportive affidavits / Declarations of witnesses, exhibits off the first-filed and now this second injunction the realities of Retaliatory Conduct by defendants successors acting in concert additional significant of time that will result in plaintiff's overall further deterioration of plaintiff's health and mental health concerns. and as evidenced on plaintiff's written inmates' request to staff members use herein as undisputed facts attached herewith, staff named mentioned herein this injunction / TRO

- 1 -

at Sci-Mahanoy Chief Medical officer John Steinhart, and Dr. Courtney Rogers, and letters written to: Dr. Robert J. Marsh and addressed to John E. Wetzel in december of 2017, and Dorina L Varner, and Keri moore. (SO&GA) on the mail issues and retaliation and the memorandum of Law Combined herewith, it is:

ORDERED, that the above and below defendants and their successors acting in concert named herein: Correct Care Solutions, Mentail Health management, PAC R. Miller, (RN/ICN) Brenda Houser, (DSCS) B. Mason, Dr. Paul Noel, Dr. Jay Cowan, (LPM)E. Ederding (S.A) Jane Hinman, Majors: M. Damore, Gavin, (Supt) T. Del balso, (DSFM) CRonauer, U.M. J. Carey, K. Kellner, Business office mgr. T. Kuzo mailroom supv. F WALter, et. al. Sci-Mahanoy's Security office Lts and captains. Lt. Newberry CO3 (CRNP) Dr. S. Kaunum, Show cause in room _____ of the United States Courthouse, Middle District of Pennsylvania, William J. Nealon Federal Building & U.S. Courthouse, 235 North Washington avenue, Post office Box 1148, Scranton, Pennsylvania. Zip 18501-1148. On the ____ day of _____ _____, 20___, at __:__ O'clock, or as soon as counsel may be heard. why a preliminary injunction on retaliation should not issue pursuant to rule 65(a) of the Fed. R. Civ. P. enjoining the Defendants, their successors in office, agents, and/or apparent agents, employees,

-2-

and all other persons directly and indirectly acting in concert and/or participation with or without defendants, from: these ongoing retaliatory acts:

1. Blocking of Plaintiffs outgoing legal mail properly marked legal to defendants attorney's. Cease opening tampering Censoring of outgoing legal mail that has never left the institution, and/or incoming legal mail.

2. Writing/issuing Bogus misconducts and find ways to justify placing plaintiff in the D.T.U./R.H.U on false A/C status charges. or punishing plaintiff for making ligitimate assault allegations against his former cellmates and current cellmates

3. Blocking plaintiff from receiving adequate psychiatrict medications for his mood swings and cease misdiagnosing him and treating him with anti-psychotropics, instead of anti-depressants when plaintiff is depressed and not a psychotic inmate.

4. Stop denying plaintiff physical therapy for the fall from the top bed bunk and stop intentionally placing plaintiff on the top tiers and top bed assignments subjecting plaintiff to fall out of top beds during seizures.

5. Stop Denying Plaintiff DAAD's for his hepatitis C virus and stop the use of your discriminatory Hepatitis C Interim Protocol and your Pennsylvania's Risk-Stratification policy that has and continues to cause prisoners of the Pa DOC to suffer pains and die. as a primary result of your for-profit policies that Killing inmates taking our lifes giving us a death sentence.

IT IS FURTHER ORDERED; that this motion for Preliminary injunction and Temporary Restraining Order Be consolidated with the first injunction filed on April.11th, 2017, and is to be served upon the defendants by the clerk of courts due to the plaintiffs extraordinary circumstances and due to the ongoing retaliation that has set a (hateful-chilling-effect).

-4-

Plaintiff respectfully asks this court clerk returned a filed copy of this motion back to plaintiff due to his extremely indigentcy status occumpanied with a letter in reply on/or before January, 28st 2018. As this shall be deemed good and sufficient due to the serious circumstan and suficient services thereof,

WHEREFORE, it is respectfully requested that this motion be entered in favor of the plaintiff against the Defendants and they're Successors acting in concert with them on all of the material facts not in dispute on all claims originally filed in plaintiffs first injunction/TRO Previously filed on 4-11-2017. and request that this Honorable Court Consolidate both Injunctions. and make them permenant. thank you very much Respectfully Submitted,

Dated: 12/14/2017, /s/ Irving Murray

Dated: By the court clerk: _____/ / 

_____

UNITED STATES DISTRICT JUDGE'S
SIGNATURE ABOVE-LINE.

-5-

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MURRAY'S "SECOND" MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER PURSUANT TO RULES 65(A) OF THE FED. R. CIV. P.

## STATEMENT OF THE CASE AND FACTS

This is a civil rights action brought under 42 U.S.C. §1983 by a Pennsylvania state prisoner, whose arm, hand and left shoulder and neck has been severly injured as he's denied physical therapy for financial reasons, calloused and unlawful deliberate indifference acts of retaliation by placing plaintiff in the Hole/Solitary confinement for plaintiff making ligitimate complaints of physical assaults by his cellmates and threats by defendant B. Mason and J. Carey that if plaintiff complains again that he will be thrown back into the hole/RHU-confinement and that this is plaintiff's last chance see exhibits attached herewith injunction/TRO Also essentually being denied all standard medication medical care for hepatitus C,

-6-

Due to the ["D.O.C.'S"] and its contractor ["C..C.S".] as a primary result of [DOC'S] "Interim-HCV-Protocol" and the Pennsylvania's "Risk-stratification" policies designed by Dr's Paul Noel and Jay Cowan, and the entire Hepatitis-C committee. As they are still today using a policy that has been found to be unconstitutional by an U.S. Article III Judge Honorable: Robert D. Mariani The plaintiff has and still is a target of retaliation by the Defendants and their successors. acting in concert. for his well known afiliation with political prisoner Mumia Abu-Jamal #AM-8335 who resides at the same prison as plaintiff The plaintiff seeks a TRO and preliminary injunction to ensure that the retaliatory conduct stops, and that plaintiff receives proper medical care/mental health care, The Plaintiff is threatened with harm in PRC on December 5th, 2017 by Defendant B. Mason and the facility intelligence security staff for reporting an abuse upon his persons by the prison security office.

# ARGUMENT

A. Genuine Issues of Material Facts Exist with Respect to SCI-Mahanoy's Refusal to Provide Sufficient Medical Treatment to Plaintiff.

Plaintiff brings Count I. against Corrections and Health Care Defendants for violation of his Eighth Amendment right to be free from cruel and unusual punishment by exhibiting deliberate reckless indifference to his serious medical needs. To establish a valid claim under 42 U.S.C §1983, the plaintiff needs to establish by a preponderance of evidence that the conduct of which he complains was committed by one acting under color of state and federal law and that it deprived him of rights, privileges, or immunities guaranteed by the Constitution. See Parratt v. Taylor, 451 U.S. 527, 535 (1981); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d cir. 1994); Abu-jamal-1 v. Wetzel, U.S.D.C. (M.D. Penn.) 3:16-CV-02000 RDM; (2017).

-8-

<u>Carter v. City of Phila.</u>, 989 F. 2d 117, 119 (3d cir. 1993). To substantiate his § 1983 claim, the plaintiff need only demonstrate that each defendant exhibited some "deliberate indifference" in violation of his constitutional rights. The Supreme Court identified the basic standard for a deliberate indifference claim in <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976): "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." For conduct to rise to the level of deliberate indifference, a plaintiff must demonstrate "an unnecessary and wanton infliction of pain" which is "repugnant to the conscience of mankind" and "offend[s] evolving standards of decency." <u>Id.</u> A plaintiff can satisfy this standard by demonstrating both that:

(1) Plaintiff had a very serious medical need, and also that (2) the defendants was aware of this need and was deliberately indifferent to it. See Farmer v. Brennan, 511 U.S. 825 (1994); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); see also Wilson v. Seiter, 501 U.S. 294, 296-98, 302-03 (1991).

As for the second element, the Supreme Court has held that the level of culpability for deliberate indifference falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm), Farmer, 511 U.S. at 836-37 (holding that prison officials can be found reckless or deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety ..."). See also Young v. Quinlan, 960 F.2d 351, 360-61 (3d Cir. 1992)(holding that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate"). In the context of claims arising under the Eighth Amendment, courts have said that state of mind is typically not a proper issue for resolution on summary judgment.

-10-

# THE PLAINTIFF IS THREATENED WITH DEATH/MEMORANDUM OF LAW IN TOTAL SUPPORT

(1). As a matter of law the continuing and prolonged deprivation of constitutional rights constitutes irreparable harm See, Abu-jamal v. Wetzel, U.S.D.C. (M.D.Penn), 3:16-CV-02000 RDM: (2017); Troche v. Crabtree, 814 F3d 795 (6th Cir. 2016); MCbride v. Lopez, 807 F.3d 982 (9th Cir. 2015); Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Association, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir 2009). These principles has been applied in prison in prison litigation generally, See, jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir.1996); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir.1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d cir.1984); McClendon v. City of Albuquerque, 272 F. supp 2d. 1250, 1259 (D.N.M. 2003), and specifically in prison medical cases.

-11-

In addition, Plaintiff Murray is threatened with retaliation and irreparable harm because of: (1): his well-known friendship with political prisoner (accused cop killer mumia Abu-Jamal who is a victim of the same and because (2): of the contents of the Pennsylvania's Dept. of Corrections policies (1) "Risk-stratification" and, "[H]epatitis-C Interim Protocols".

due to these two policies which were deemed to be found unconstitutional by this court, these unlawful policies are boldly and profoundly being used still right now today causing a lot of pain and suffering and mainly Deaths of prisoners state-wide, and world-wide under (President Donald Trumps administration).
These Policies are indeed (for-Profitable gain) with the sole intent to cause Death amongst the prisoners targeted the poor and mentally illed disadvantaged prisoners.
As the Plaintiff factually alleges that he attempted to try and settle these disputes with Defendants by seeking reasonable Damages so that he could purchace his own medications to cure his chronic liver disease defendants refuses to settle

Defendants show no interest in coming to some sort of resolution but rather continuing on practicing and defending a policy and/or policies thats clearly unlawful and unconstitutional and for sure causes and have already caused Deaths to thousands of Pennsylvanias Prisoners in both county and state prison systems Such unlawful conduct by prison authorities and their medical providers/contractors conduct is a clear violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97. 105, 97 S.Ct. 285 (1976) noting that "intentionally denying treatment and using a course of monitoring instead of medications that can cure in the early stages of (Fibrosis(1)) and (Fibrosis (2)) stages as well as discrimination as to who will get the (DAADS) and who will not because of their financial situation is a form of unlawful deliberate indifference(and) insidious discrimination.

AS evidence plaintiff's grievances complaint and exhibits speak for themselves as well as defendants outragous exaggerated responses especially Dr. Paul Noel's Declaration of July of 2017 is perponderance of evidence and should alone be enough for the court to rule in plaintiff's favor for Damages.

(2). THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFF GREATLY GIVEN THE FACTS PREVIOUSLY SUBMITTED TO THIS HONORABLE COURT BY THE PLAINTIFF

This same entire re-submitted Amended/OR Second Injunction/Temporary Restraining order seeking relief from the court and/or Damages, copies will be given to: these as follows: News media's, state-wide and world-wide prisoner rights groups, local/state legislators, U.S. House of congress public officials, News Papers WNEP-News, American Friends Service committee, Prison Legal News, Attorney's General Counsel - SABARISH Neelakanta Esquire., Mumia ABU-Jamal, Political Prisoner. Bret D. Grote. ESQ., ELAYNE SOBEL, LPP., Human Rights Coalition, NAACP, Rachel Lopez ESQ., ACLU-attorney's, Human Rights Watch,

Pennsylvania Institutional Law Project
attorney's and Legal Assistant Calysta X.
CNN-News, Dept. of State, U.S. Dept. of
Justice, Commission on civil rights,
Dept. of Health and Human Services of Pa.,
Prison Health News attorney's,
Paralegal David Sprout LPP, Michael Bailey, Esq
Governor of Pennsylvania, Tom Wolf (D),

urging them "all" named above to make
to make sure this motion and my suit
known to the Public's eye, whereas to
put pressure on this court to do something
about this unjustice, corrupt, illegal and,
unconstitutional ongoing acts of Defendants,
whereas it is evidenced that the Defendants
have unlawfully ignored all court orders
to administer Medications for prisoners
with chronic Hepatitis-c, And moreover,
its proven that defendants have definately
adopted and still today ultimately defend a
(" For-Profit") deadly policies whereas the
contents of these policies are extremely
disturbing to Public and the prisoner society
Policies known as "Hep-c Interim-Protocol", and,
"Risk-Stratification" in which these Policies
"are not" for the Public's Consumption

And any attorney for the exception of Bret D. Grote, Esq, and Robert Boyle, Esq and General Counsel Sabarish Neelakanta Esq. Will easily be intimidated by D.O.C.'S Chief counsel as this forces any other attorney's to ineffectively assist prisoners in any Medical Hepatitis-C. cases forcing any attorney misrepresent a plaintiff in these types of medical cases and they will ultimately withdraw as counsel for plaintiffs especially when the case involves retaliation against the plaintiffs' in a medical civil action. Knowing these policies are unlawful, and moreover, unconstitutional, and Knowing Contracter/Vendor Correct care solutions may eventially change their name due to mountains of litigation against them only to practice these tactics all over again by re-wording their policies using different language only to practice these unlawful acts all over again in the near future. only to cause thousands more prisoners Deaths. As it stands Plaintiff Irving Murray will continue to suffer from Chronic (H)epatitis-C. despite the availability of Anti-viral Drugs that could cure plaintiffs underlying (H)ep-C infection.

In deciding whether to grant TRO and Emergency injunction and/or Damages courts ask whether Suffering of the moving party if the "Emergency Motion and/or Damages is Somehow denied with all the perponderance evidence submitted by plaintiff previously will outweigh the Suffering of the non-moving party if damages and/or the "Emergency" Second motion is Granted. See, Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984)(holding that dangers posed by prison Crowding outweighed state's financial and administrative concerns); Picarella v. Johnson, U.S.D.C. M.D. Penn.), 1:14-cv-01874-CCC-CA. Jones v. Gusman, U.S.D.C. (E.D.La.), No. 2:12-cv-00859-LMA-ALC. See, McBride v. Lopez, 807 F.3d 982 (9th Cir. 2015) Whatley v. Warden, 802 F.3d 1205 (11th Cir. 2015). Wallace v. Fitzgerld, U.S.D.C. (W.D. Penna.) No. 2:16-cv-01565-LPL, Abu-Jamal v. Wetzel, U.S.D.C. (M.D.-Penna.), 3:16-cv-02000 RDM:2017. Duran v. Anaya, 642 F.Supp.510, 527 (D:N.M-1986).(holding that prisoners' interest in safety and medical care outweighed states interest in saving money by cutting staff and costs.)

In this particular case, the flat out denial of Direct Anti-viral Agent Drugs of any Kind the present pain and suffering and wanton infliction of pain, plaintiff and his potential suffering as he has now loss the normal use of his left hand arm and shoulder are enormous, especially due to his liver which has developed into further damage as plaintiff started vomiting blood on December 9th 2017, and was denied medical evaluation on Saturday Morning 12-9-2017, by Defendants medical Dept. and was told due to his filing of this civil action he will not be seen by prison medical staff, causing plaintiff to be in immenant danger The sufferings the defendants will experience if this court ignores this motion and over-looks all perponderance of evidence that plaintiff has already previously provided to this court presented by Plaintiff Irving Murray. and grants the order will consist of taking the plaintiff to a suitable doctor and then carrying out their doctors orders something defendants do, and are obligated to do, for inmates but defendants ignores any orders by the courts and refuses to do what their obligated to do on a daily basis. The defendants and those acting in concert with them hardship amounts to no more than Business as usual considering the millions and Billions their continuing to save while poor mentally illed prisoners "die" (for (profitable gain) to save the Commonwealth of Pennsylvania and the United States Government Billions of Dollars, as the prisoners infected with Hep-C will exentual Die in prison.

-18-

## THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF THIS CASE AGAINST DEFENDANTS

The Plaintiff has provided this court with enough perponderance of Evidence which gives him a great likelihood of Success on the merits, only if this honorable Middle District Court does not overlook the fact that the Constitutional violations were and still are today done "intentionally by defendants practicing and using unconstitutional policies which infact are Deadly policies causing thousands Pennsylvania Prisoners to die behind bars which is a form of "Genocide".

## THE RELIEF SOUGHT WILL INDEED DEFINATELY SERVE THE PUBLIC INTEREST

In this most conterversal and complexed case due to the level of retaliatory conduct by defendants, the grant of relief will serve the public interest because it is always in the public interest for prison and medical officials of the Pennsylvania Dept. of Corrections to obey the Laws of the Land, especially obey the universal Declaration of Human Rights and the Bill of Rights and the Constitutional rights of the United States of America. Phelps-Roper v. nixon 545 F.3d 685, 690 (8th Cir. 2008); Duran V. Anaya, 642 F.Supp. 510 527 (D.N.M. 1986) (Respect for the law, particularly by officials responsible for the administration of the states correctional system, is in itself a matter of the highest public interest"); Llewelyn v. Oakland county Prosecutors office, 402 F. Supp. 1379, 2393

(ED. Mich. 1975) (Stating "the Constitution is the ultimate expression of the Public interest)

## POINT-II

## THE PLAINTIFF SHOULD NOT BE SUBJECT TO BE REQUIRED TO POST SECURITY

Usually a (pro-se) litigant who obtains interim injunctive relief is asked to post Security. Rule 65(c), of Federal Rules civil Procedures however, the plaintiff is an indigent disabled state prisoner and is unable to pay for Discovery and is unable to post security. This honorable United States Middle District court has discretion to excuse an poor impoverished disabled litigant from Posting Security. See, Elliot v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (Stating that district courts have discretion to waive the bond requirements Contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equities weighs overwhelmingly in favor of the party Seeking the injunction"); Molton Co. v. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995).

In view of the very serious medical mental health dangers confronting the Plaintiff, as well as retaliatory conduct taken upon him as it is ongoing and defendants arbitrary acts of intercepting, censoring, tampering, opening, withholding, rejecting incomming and outgoing U.S. legal mail and medical defendant Dr. Courtney Rodgers purposefully discontinuing medications once prescribed out of retaliation for this suit. and medical officials denying to examine plaintiff when he's vomiting blood. on 12-9-2017 telling plaintiff to put in a sick call slip and wait to be seen (3) days after vomiting blood is extremely serious. Further, causing plaintiff unnecessary pain and suffering, and depression which could result in his "Death"

This court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For all the foregoing reasons. and all of the material facts and perponderance of evidence And plaintiff's well-known affiliation with political prisoner Mumia Abu-Jamal #AM-8335. And due to unconstitutional Policies "Risk-Stratification" and "Interim-Protocols" Writen and unwritten for DOC's and CCS's Consumption only. as it is still hidden policy not for Publics view.

Wherefore; for all the following reasons mentioned herein this entire second motion this court should clearly get involved immediately and grant this motion in its entirety

Respectfully-Submitted.

Dated: ___/___/20___, /s/ Irving Murray _____.
IRVING MURRAY #KP-3561
SCI-MAHANOY/B-A #2063 Cell
301 MOREA ROAD,
FRACKVILLE, PA. 17932-0001

# CERTIFICATE OF SERVICE

Irving Murray, declares under penalty of
perjury pursuant to 28 U.S.C § 1746 that
he mailed this copy of enclosed (23) page
second emergency Injunction temporary
restraining order combined with memorandum
of Law in support to Hon. Richard P. Conaboy
and his clerk of the united States Middle
District Court House Peter J. Welsh, ESQ.
UNITED STATES DISTRICT COURT HOUSE
MIDDLE DISTRICT OF PENNSYLVANIA
      OFFICE OF THE CLERK
WILLIAM J. NEALON FEDERAL BUILDING
 AND UNITED STATES COURT HOUSE
  235 NORTH WASHINGTON AVENUE
        P.O. BOX-1148
  SCRANTON, PA. 18501-148
by placing this in an envelope Big yellow legal size
inside the B-A unit outgoing mail Box at
S.C.I. Mahanoy Correctional facility on this 24
day of December _____, 2017.

        IRVING MURRAY #KP3561
        301 MOREA ROAD,
        FRACKVILLE, PA. 17932-0001
DATED: 12 / 24 / 2017. /S/ Irving Murray
                    (PRO-SE) LITIGANT

ING MURRAY #KP-3561
- MOREA ROAD.
KVIllE, PA. 17932-0001

INMATE MAIL
PA DEPT OF
CORRECTIONS

US POSTAGE $001.82 

ZIP 17932

=GAL-SPECIAL-MAIL"
STION / ENCLOSED
3-PAGE MOTION

RECEIVED
SCRANTON

DEC 22 2017

PER_____ DEPUTY CLERK

HON. JUDGE RICHARD P. CONABOY
C/O PETER J. WELSH, ESQ.
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNA
OFFICE OF THE CLERK
WILLIAM J. NEALON U.S. FEDERAL
BLDG & U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
POST OFFICE BOX-1148
SCRANTON, PENNSYLVANIA. 18501-1148