# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT   OF PENNSYLVANIA

| | |
|---|---|
| IRVING MURRAY (PRO-SE), (PLAINTIFF) | CIVIL ACTION No. 3:17-CV-0491 |
| VS. | JURY TRIAL DEMANDED |
| JOHN E. WETZEL (ET. AL.) (DEFENDANTS) | (JUDGE CONABOY) DATED: 12/25/2017 |

## MOTION FOR IMMEDIATE COURT'S INVOLEMENT DUE TO MEDICAL AND THEIR AGENTS/DEFENDANTS ACTING IN CONCERT RETALITORY CONDUCT PLAINTIFF REQUEST EMERGENCY RELIEF AND FUTURE DAMAGES AS A DIRECT RESOLUTION COMBINED BRIEF IN SUPPORT OF THIS EMERGENCY MOTION

And now, Comes Plaintiff, Irving Murray with this Emergency Motion Compelling that this court take immediate action against medical Defendants and those acting in concert with acts of unlawful retaliation Plaintiff is in dire need of this courts immediate involement. Correct Care Solutions employees under contract working here at the State Correctional Institution Mahanoy

-1-

are still following and defending
risk-stratification  and Interim Protocols
inconjunction with now those acting in
concert with defendants are retaliating
both  Dr. Courtney Rogers and

deputy Superintendent B. Mason.
John Steinhart, Jessica Carey a non-
defendant,  S. Kaunum DR., K.Murray
and  Brenda Houser, Lieutenant Newberry C.O.3.
1. Even though it is very clear that
  that the  Defendants and those all acting
in concert still using illegal policies
that have been deemed unconstitutional
as defendants admits boldly that they
willnot administer medications for inmates
with chronic Hed-C., also now those
acting in concert are now retaliating
making threats to transfer plaintiff,
placing plaintiff in Administrative
lock-up for filing ligitimate complaints
of physical assaults upon his persons
on November 9th 2017, writing bogus
Act/Status report in order to keep
plaintiff locked down 23 hours a day on
Administrative custody status

# PLAINTIFF'S FACTUAL ARGUMENT

On December 9th, 2017, approx: 11:10am plaintiff was vomiting blood in his cell on BA-R.T.U. cell# 2063, and reported this to officer Smith on duty, officer Smith came to plaintiff's cell and opened up the cell door to see as to if plaintiff was actually vomiting blood as the officer clearly Verified such and rushed down the steps to pick-up the phone to call medical, after his conversation on the phone with the nurse in which officer smith C.O.1 said that the nurse told him to tell me/plaintiff that there's nothing that they can do for me and to fill out a sickcall and maybee plaintiff will be seen in a few days officer smith asked the nurse aren't you gonna examine him and take his vitals officer smith was told "no" that they dont care or have time for plaintiff murray because plaintiff likes to file things to the media and the courts. tell him to put in a sickcall.

Plaintiff asked officer smith C.01 what was the nures name he was on the phone with? C.O.1. smith said that he don't Know and couldn't tell me.

Plaintiff then decided to submit a DC-138A-sick call Request only to be see by Physician's Assistant Russell Miller and Physician Assistant Miller on friday december 15th. 2017. examined plaintiff for blood in his stool and ordered meds for constipation and severe dry skin the vitamin E Lotion was ordered, and Miralax only to turn around and tell plaintiff that the medications were not ordered because Dr. courtney Rodgers Discontinued them and Ordered PAC-miller to donot order plaintiff murray any meds per - Dr. Courtney Rogers When plaintiff asked Physician Russell Miller as to why R. Miller clearly stated because Doctor Courtney Rogers stated that plaintiff gets nothing because of that damn Lawsuit he filed and becaus he attached that damn Human Rights Coalition Letter dated March 14th 2017 on to his sickcall slip. and plaintiff was charged 5-to-10 dollars for a chronic care pre-existing

-4-

conditions and was not given any meds for severe constipation causing plaintiff pain and suffering and severe dry cracked bleeding painfull skin condition see exhibits of sickcall whereas Dr. Courtney Roders threatened to also discontinue plaintiff's seizure meds forcing plaintiff to sign a non-medication compliance form on December 20th, 2017. Subjecting plaintiff a life-threatening sleeping seizures ordering all his medical staff not to order plaintiff any K.O.P meds for his pain in his shoulder, his skin condition or his severe constipation and severe weight loss subjecting him to "Death". Also with defendants and those acting in concert discontinuing all of my seizure medication Phenobarbitol in retaliation because of my litigation on trying to seek Direct Anti-viral Drugs life saving Medications for Hep-C. as I'am denied the formulary list of available drugs for treating Hepatitis-c by Doctor Rogers as he's provided me exaggerated responses in plaintiff's written form DC-135A Inmates Request to staff member see, exhibit____ of his reply attached hereto, this motion.

Plaintiff is seeking immediate help from the court.

It is quite clear that plaintiff is Dealing With Retaliation here. as adverse action has and still is being taken against the plaintiff as plaintiff as its evidents that plaintiff was placed in administrative segregation on on November 9th, 2017, for simply making an ligitimate complaint of physical assault by his cellmate. Solely to punish me for filing a lawsuit. See, Cleggett v. Pate, 229 F. Supp. 818 (N.D.III.1964). "campaign of harassment" Calhoun v. Hargone, 312 F.3d 730 (5th Cir. 2002); Witte v. Wisconsin, Dept. of Corrections, 434 F.3d 1031 (7th cir. 2006). Gomez v. Vernon, 255 F.3d 1118 (9th cir. 2001).

It is possible -- but not easy — to get a preliminary injunction to keep correctional officers from threatening or harming you or any of your witnesses in an upcoming trial. Valvano v. McGrath, 325 F. Supp. 408 (E.D. N.Y. 1970). It is also a federal crime for state actors or those acting in concert (the prison-officials) and (inmates) to threaten or assault witnesses or plaintiff in federal litigation. 18 U.S.C. § 1512 (a)(2).

- 6 -

## Retaliatory Conduct

(A. Although state officials vehemently deny it, prisoners who speak out against prison conditions through media contacts, civil rights lawsuits, or internal grievances are often subject to retaliatory conduct. This can range from annoying strip cell searches and denial of prison services to matters of a more serious nature, including Bogus misconduct administrative custody reports, prison retaliatory transfers, and parole rejections recommendations. In case ABU-Jamal v. Price, the Third Circuit court found that SCI-Greene Prison officials' opening reading and copying of confidential attorney-client mail of a former journalist mounting public pressure to do something about his writings was a constitutional violation. 154 F.3d 128, 134 (3d cir. 1998). In Castle v. Clymer, the district court held that SCI-Dallas Prison officials were liable for the retaliatory prison transfer of a who made statements about prison conditions to the media. 15 F. Supp. 2d 640, 666 (E.D. Pa. 1998). Other federal courts have found similar constitutional violations, suggesting that retaliatory conduct is a far

greater problem than state officials concede, See Trobaugh v. Hall, 176 F.3d 1087 (8th Cir. 1999), holding that (prison officials liable for confining prisoner in isolation cell for filing grievances); Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996) (prison officials liable for threats of retaliatory prison transfer of prisoner who brought civil rights action and injunction claiming overcrowding conditions) See, Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981)(conspiratorially planned disciplinary actions); Ferranti v. Moran, 618 F.2d 888, 892 (1st Cir. 1980) (denial of transfer and medical care);

Plaintiff also adds that the Pennsylvania Department of Corrections (DOC), by policy and practice both "Risk-Stratification" and Hepatitis-C Interim Protocols systematically denies necessary care medical care for inmates like plaintiff diagnosed with fibrosis-1 (F1) with chronic Hepatitis C viral infections, thereby placing plaintiff intentionally at substantial and unnecessary risk for severe illness and death. See, Salvatore Chimenti v. Pa. Department of corr. Civil action No. 15-3333 / 2:15-cv-03333 JP.

Yet the DOC and CCS rations these drugs in an arbitrary manner, and as of today and ongoing refuses to provide DAAD treatment to over 98% of inmates with chronic Hepatitis C in the Pa. DOC. The denial of these drugs is based (solely on their "cost") and without any medical justification. Plaintiff, Irving Murray, incarcerated in the Pennsylvania Dept. of Corrections with serious health complications stemming from Hepatitis C viral infections. The Defendants have repeatly refuse to provide neccessary medical treatment as well as a liver biopsies and ultrasound of the liver to plaintiff that is mandated by prevailing community medical standards and the constitutions and laws of the United States and Pennsylvania. Defendants DOCs Policy is without any doubt discriminatory and unconstitutional policy for treating Hepatitis C infections.

-9-

# RELIEF SOUGHT/REQUESTED

Due to the ongoing constant violations of plaintiffs constitutional rights as described herein this motion plaintiff seeks as follows:

1. Punitive Damages.

2. Compensatory Damages

3. DIRECT ACTING ANTI-VIRAL DRUGS

4. WHATEVER THE COURT DEEMS JUST AND EQUITABLE.

EXHIBITS ATTACHED NEXT PAGE

Description of exhibits: (A-thru-K) Letters, DC-135A REQUEST TO STAFF Responses.

Being mailed to the clerk of court Peter J. Welsh. ESQ. with a certificate of service attached after Exhibits A-thru-K see total of 11 pages of exhibits next page (A-K).

EXHIBIT A



Human Rights Coalition
4134 Lancaster Avenue
Philadelphia, PA 19104
www.hrcoalition.org

Irving Murray KP 3561
SCI-Mahanoy 301 Morea Road
Frackville, PA 17932
Date: March 14, 2017

Dear Mr. Murray:

Thank you for your correspondence. Your commitment to your people and Brother Mumia is admirable and, of course, shared by HRC.

In regards to your request for investigation we have a few follow up questions to ask and, some answers of our own.

First, SCI-Mahonoy's Superintendent Theresa DelBalso is another person to contact regarding this. If you can connect us with any loved ones or family on the outside, we can advise them on how to contact and what can be said during a conversation with Superintendent DelBalso. If you could send us their name and number and share our contact information with them, we can set up that conversation.

We are also ready and willing to contact DelBalso and others on your behalf if we have your permission to use your name and number in those requests. We must remind you of what you undoubtedly already know, that after we place pressure on DelBalso things may get worse for you before they get better. On the other hand, conditions also may get *better* before they get worse. This is a decision only you and yours can make.

Second, Mumia recently had a federal judge rule in his favor that Pennsylvania DOC must administer the hep-C antiviral medication. At this junction, one must ask if our and your efforts are not better placed elsewhere. Your dedication to justice is fierce and no doubt can be useful in other manifestations of prison abuse.

We have the documents you sent in, and per your request, will send them back to you with this letter. Please forward response to the address at the top of the page with Attention: Support Committee.

In Solidarity,

Human Rights Coalition

P.S. MR. MURRAY, ENCLOSED YOU WILL FIND YOUR DOCUMENTS, AS WELL.

EXHIBIT-B

DOCUMENTATION TO COURT/CHRONIC-CARE REQUEST
WITH COPY/OFF SICKCALL RE-SEIZURE MEDS ETC.
AS PROOF OF DENIALS

---

DC-138A

**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS**

INMATE MUST COMPLETE SHADED AREAS PRIOR TO PLACING SICK CALL SLIP IN BOX

**CASH SLIP**

CC: JUDGE R. CONABOY
PETER J. WELSH ESQ
HUMAN RIGHTS COALITION
DISABILITY RIGHTS NETWORK

1 REQUISITIONING INMATE'S NAME
IRVING MURRAY

INSTITUTIONAL NUMBER    LOCATION    DATE
#KP3561    BA-63-011    12-14-17

2. ITEMS TO BE CHARGED TO MY ACCOUNT

Inmates are required by DC-ADM 820 to share in the cost of medical/dental services. Cash slips requires signature in order to be seen by the practitioner.

$ _____ Co-Payment fee $5.00 for medical/dental services (Health Provider determination charge)

_____ Number of prescriptions _____ x $5.00

$ _____ Co-Payment for each prescriptions

$ _____ Total Co-Payment fee to be deducted from Inmate's account.

3. INMATE'S SIGNATURE    4. MEDICAL STAFF SIGNATURE
Irving Murray

5. BUSINESS OFFICE'S SPACE

CHARGE ENTERED    DATE    BOOKEEPER

R. CONABOY
SAMUEL H. FOREMAN ESQ.
Bureau of Occupational Affairs

---

**SICK CALL REQUEST**

PRE-EXISTING ISSUES
SEIZURE MEDS / PAIN MEDS / HERC

**DENTAL**    **MEDICAL** ✓

AS- PER RN KIM MURRAY'S REQUEST TO SIGN UP FOR SICKCALL

**PROBLEM** I'D LIKE TO RE-ADDRESS CONCERNS THAT WAS NOT ADDRESSED AT MY LAST CHRONIC-CARE CLINIC TO DISCUSS BEING PLACED BACK ON MY PAIN MEDS FOR STOMACH PAINS, HEADACHES SHOULDER PAINS FROM THE FAILURE OF MY TOP BUNK. ALSO TO DISCUSS MED ISSUE WITH MY PHENOBARBITAL AND TO HAVE MY KOP STATUS RESTORED ALSO MY SEVERE DRY SKIN AND CHLORIC CONSTIPATION AS I WAS DENIED BY DR. KHANUM IN RETALIATION BECAUSE OF MY PENDING/HCPC LITIGATION IN COURT PER- CIVIL ACTION 3:17-CV-0491 AND DC PER- DOC'S POLICY INTERDIV PROTOCOL 13.8.2 13/15/ UNDERSTAND THAT THIS SICK CALL VISIT MAY BE SUBJECT TO THE FEES CONTAINED IN REGULATION 37 PA CODE 93.12.SEQ

FILL OUT SHADED SECTIONS OF THE ATTACHED CASH SLIP: REQUISITIONING INMATE'S NAME; INSTITUTIONAL NUMBER, LOCATION, & DATE. SIGN IN THE INMATE'S SIGNATURE SECTION.

PLACE THIS REQUEST IN THE LOCKED MEDICAL SICK CALL BOX ON THE HOUSING UNIT.

CC: U.S. DIST COURT CLERK
ATTORNEY BRET D. GROTE ESQ.
MAY 2016   U.S. DEPT OF JUSTICE

CC: U.S. MID DIST COURT JUDGE
DOC'S CHIEF COUNSEL/CCS ATT'YS
Bureau of Occupational Affairs

EXHIBIT C.

Form DC-141   Part 1
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B   965061

☐ MISCONDUCT REPORT   ☒ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| KP3561 | Murray, Irving | MAH. | N/A | N/A | 11/9/17 |

| Quarters | Place of Incident |
|---|---|
| HD 21 | N/A |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**   "Notice of Confinement"

**STAFF MEMBER'S VERSION**   You are being Placed in AC Status per DC ADM 802 VI B 1 F. "The Inmate is under investigation for a violation of facility Rules, and there is a need for increased Control pending disposition of charges or completion of investigations." "This Is Not Disciplinary Custody."

**IMMEDIATE ACTION TAKEN AND REASON**   Inmate confined to the RHU, AC Status, pending investigation and/or review by PRC

| PRE-HEARING CONFINEMENT | IF YES | | FORMS GIVEN TO INMATE | |
|---|---|---|---|---|
| | TIME | DATE | N/A REQUEST FOR WITNESSES AND REPRESENTATION | N/A INMATE'S VERSION |
| ☒ YES ☐ NO | N/A | N/A | | |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| CO III J.B. / Bachert | RKM   Lt. M (Lt #011) | DATE 11-9-17   TIME 24 HOUR BASE 2035 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE N/A | TIME N/A | ☒ CLASS 1   ☐ CLASS 2 | |

**Notice To Inmate**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE — DC-15          YELLOW — Inmate          PINK — Reporting Staff Member          GOLDENROD — Deputy Superintendent Facility Management

**63**

EXIBIT D

| | |
|---|---|
| Form DC-135A **(S.C.I.M.)**<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>MEDICAL DIRECTOR<br>MEDICAL DOCTOR | Commonwealth of Pennsylvania<br>Department of Corrections<br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in<br>preparing your request, it can be responded to more<br>promptly and intelligently. |

| | |
|---|---|
| 1. To: (Name and Title of Officer)<br>DR. COURTNEY ROGERS | 2. Date:<br>DECEMBER, 12TH, 2017   **RECEIVED** |
| 3. By: (Print Inmate Name and Number)<br>IRVING MURRAY #KP3561<br>*Irving Murray*<br>Inmate Signature | 4. Counselor's Name<br>MR. MARTINO<br>5. Unit Manager's Name<br>MS. J. CAREY  DEC 11 2017  SCI-Mahanoy<br>Health Care Administrator |
| 6. Work Assignment<br>CARE-TAKER | 7. Housing Assignment<br>BA/RTU # 63 CELL |

8. Subject: State your request completely but briefly. Give details. DR. ROGERS MAY I
PLEASE REQUEST FOR THE (CCS) RULES AND THE
FORMULARY LIST OF AVAILABLE DRUGS FOR
TREATING HEP-C? ALSO MAY I ASK YOU
WHAT IS MY FIBROSIS SCORE IF I HAVE (F-1)
APRI SCORE, AND BECAUSE THERE'S NO MEDICAL
REASON FOR REFUSING THE HERC CARE I REQUEST
THAT THIS BE REMEDIED. FAILURE TO DO SO
WOULD BE DELIBERATE INDIFFERENCE TO A
SERIOUS MEDICAL NEED. PLEASE TELL ME AS TO
IF THE DAADS COST $94,000 OR 100,000 DOLLARS?
AND AS TO IF THIS DRUG IS TO COSTLY TO TREAT
ONE (1) INMATE WHO IS SOON TO BE RELEASED, SUCH
AS MYSELF? PLEASE REPLY BACK AS A COPY OF THIS
SAME HAS BEEN FORWARDED TO THE COURT JUDGES
CHAMBERS OF RICHARD P. CONABOY

9. Response: (This Section for Staff Response Only)

The protical and formulary I am told is on the DoC public
website and can easily be found with a simple search.
by have been seen in HCV clinic and by myself with requested
information given. Please refer back to those visits.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Courtney Rodgers, DO

Staff Member Name _____ Print _____ Sign _____ Date 12/12/17

Revised July 2000   CC: HON. RICHARD P. CONABOY JUDGE
HUMAN RIGHTS COALITION
ATTY'S BRET D. GROTE ESQ. / PLN-ATTY'S
WNEP/NEWS / U.S. DEPT. OF JUSTICE

EXHIBIT
E
#03

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

CHRONIC CARE
MEDICAL DOCTOR

RECEIVED

DEC 07 2017

SCI Mahanoy
Health Care Administrator

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: |
|---|---|
| S. KAUNUM CRNP | DECEMBER 8th, 2017 |

| 3. By: (Print Inmate Name and Number) | 4. Counselor's Name |
|---|---|
| IRVING MURRAY # KP 3561 | MR. MARTINO |
| _Irving Murray_ Inmate Signature | 5. Unit Manager's Name |
| | MS. J. CAREY |

| 6. Work Assignment | 7. Housing Assignment |
|---|---|
| GLP | BA- RTU Cell #63 |

8. Subject: State your request completely but briefly. Give details. Dr. S. KAUNUM I AM WRITING YOU BECAUSE I AM UNABLE TO TAKE MY SEIZURE MEDS EARLY IN THE MORNING SO THERFORE I REQUEST THAT YOU PLEASE SWITCH EVERY THING TO AT NIGHT 8 pm MEDS IT'S VERY HARD FOR ME TO GET UP IN THE MORNINGS AND TRAVEL IN THE COLD WEATHER EARLY IN THE morning PLEASE CHANGE MY MEDICATION DOSAGES TO ALL AT NIGHT

THANK YOU VERY MUCH

RESPECTFULLY SUBMITTED,

9. Response: (This Section for Staff Response Only):
Phenobarbitol needs levels maintained, Phenobarb need to be administered twice daily if you need Sign up sick call to Discuss

Med Issue per Dr Khanum

| To DC-14 CAR only · ☐ | To DC-14 CAR and DC-15 IRS · ☐ |
|---|---|

Staff Member Name  _Kim Murray RN_  _[signature]_  Date _12-11-17_
Print                                    Sign

CC: U.S. DIST COURT JUDGE CONABOY

Revised July 2000

EXHIBIT
F.

DREXEL UNIVERSITY
# Thomas R. Kline
School of Law

*Community Lawyering Clinic*

To: Irving Murray
Date: September 26, 2017

Dear Mr. Murray,

Thank you for reaching out to us and I am sorry to hear about your struggles with Hepatitis C. With this letter, I have included the following requested documents:

- 3 copies of the 2017 Prison Legal News article entitled "Pennsylvania DOC Ordered to Evaluate Abu Jamal for Hep C Treatment"
- A copy of the case "Abu-Jamal v. Wetzel"
- A copy of Prison Medical Services Program §93.12

The Pennsylvania Institutional Law Project is working on a class action to try and compel the Department of Corrections to provide a new drug treatment to prisoners with Hepatitis C. I have also included a FiveThirtyEight article about this issue. If you are interested in getting involved in this case, please contact the managing attorney, Su Ming Yea, at the following address:

> PA Institutional Law Project
> The Case Iron Building
> 718 Arch Street, Suite 304 South
> Philadelphia, PA 19106

You can also reach the Institutional Law Project at 215-925-2966.

I hope this information is helpful to you. Please feel free to reach out if you have any questions or concerns.

Best,

*Alice Thornewill*

Alice Thornewill

*Rachel Lopez*

Rachel Lopez, Esq.

"EXHIBIT" G
COPY FOR
Deputy B. Mason

RECEIVED
NOV 13 2017
DEPUTY SUPERINTENDENT
CENTRALIZED SERVICES

FRACKVILLE, PA. 17932

DATED: NOVEMBER, 14th 2017,

RICHARD P. CONABOY, JD,
U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNA.
WILLIAM J. NEALON FED, COURTHOUSE
235 N. WASHINGTON AVENUE
POST OFFICE BOX 1148
SCRANTON, PA. 18501-1148

RE: Civil Action Murray v. wetzel, et al.
No: 3:17-cv-0491/Retaliatory conduct
Against Plaintiff, Etc. Denial Mental
Health programming AND Legal personal property
Harassed cell searched confiscation

Dear your honorable Conaboy:

Just to give this court an update
in re: motivated retaliation, defendants and
their agents of the intelligence security office
namely LT. Bachert, unit manager J. carey,
Captain powell, Deputy Supt. B. Mason,
Lt. WALL, CO.II, and many others acting in
concert with them has been moving from
unit to unit setting me up in cell situations
with potential violent inmates whereas
on November 9, 2017 I was assaulted by my
cellmate, when I was taken to medical I was
then threatened by Lt. Newberry CO.3, whereas
he made a statement about transfering me to
SCI-frackville because I like to file suits
further, I was placed in confinement for reporting
a physical attack upon my persons, in other words I
was harmed and for reporting the attack

(1-OF-2)

→ see th..

I was punished and placed in the DTU/RHU cell # 21 on A/C status And charged see Form DC-141 (B-950061) And security refuses to talk to me to tell me how these charges and confinement came about. I know that Prisoners who speaks out about abuse at SCI-Mahanoy usually face backlash from Administrative staff especially myself cause I have pending litigation against the prison Administration and the medical dept. So I'am subject to dangers immienate dangers, the security Lt WALL c.o.3. moved me off of the RTU a couple weeks again placing me on a general population unit not specifying why he moved me from treatment and put me in the line of danger, unit manager Ms. Jessica Carey stated to me on Wed Nov 8th 2017, that she and her Co-workers is not a fan of my Lawsuit so for that reason I will not get a job. I'am providing defendant Deputy Mason with a copy, And I will ask her to release me back to RTU on AA or BA and keep me seperated from: Johnson my old cellmate Richardson, Williams on BA, Stevie Boyd on B/A and inmates on BB and AB unit and DA units I, J units, I'd like to be transfered back to SCI-Albion or somerset or SCI-Rockview where I will be safer until trial starts. Defendants has mixed all of my legal property and personal property with my ex-cellmate who assaulted me and he refuse to give me back my property. And they refuse to give me my legal property.

EXHIBIT H.

| | |
|---|---|
| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>MAILROOM SUPERVISOR | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | |
|---|---|
| 1. To: (Name and Title of Officer):<br>MS. F. WALTER | 2. Date: FRIDAY<br>DEC 1, 2017 |
| 3. By: (Print Inmate Name and Number)<br>~~IRVING MURRAY #KP-3561~~<br>*Irving Murray*<br><br>Inmate Signature | 4. Counselor's Name<br>MR. C. DISKY |
| | 5. Unit Manager's Name<br>MR. CARROLL |
| 6. Work Assignment<br>GLP | 7. Housing Assignment<br>~~H-B-DEU~~ CELL #18 |

8. Subject: State your request completely but briefly. Give details. ON NOV. 27, 2017

I received mail legal mail returned to me cut opened when this mail never left the institution This means my outgoing mail has been tampered with. I have a right to my Legal mail being opened in my presence. The letter was clearly marked legal and addressed to attorneys for the medical dept. See, case Fontroy v. Beard 485 F. Supp. 2d 592, 593 (E.D. PA. 2007) The mail was Addressed to Sammuel H. Foreman In re: civil Action 3:17-CV-0491 The mail never left the institution but was returned to me opened out-side of my presence. Please do not provide me any exaggerated responses please address this Problem.

9. Response: (This Section for Staff Response Only)

For security reasons - anything going inside whether it left the institution or not is opened - You did not provide any proof showing the mailroom opened it - was it stamped with an inspector # ??

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  F. Walter (Print)   F. Walter (Sign)   Date 12-1-17

Revised July 2000

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

DEPUTY SUPERINTENDANT
CENTRALIZE SERVICES
(DSCS)

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: THURSDAY |
|---|---|
| MS. B. MASON | NOVEMBER 16th, 2017 |

3. By: (Print Inmate Name and Number)
IRVING MURRAY #KP3561

*Irving Murray* (Inmate Signature)

4. Counselor's Name

RECEIVED
NOV 15 2017
DEPUTY SUPERINTENDENT
CENTRALIZED SERVICES

5. Unit Manager's Name
MS. CAREY

| 6. Work Assignment | 7. Housing Assignment |
|---|---|
| N/A | H/D / DTU CELL 2 |

8. Subject: State your request completely but briefly. Give details. DEPUTY MASON
MAY I PLEASE BE CONSIDERED FOR A
TRANSFER AFTER THE INVESTIGATION IS
COMPLETE I'AM STILL CONFUSED AS TO
WHY I'AM BEING INVESTIGATED FOR REPORTIN
AN ASSAULT UPON ME I FOLLOWED FACILITY
POLICY AND REPORTED THE ABUSE AND IT GOT
ME IN LOCKUP AC STATUS AND MAYBE A MIS
CONDUCT FOR REPORTING such, I'm DUE TO
POSSIBLY BE RELEASE ON IMMEDIANT AUTOMACTIE
REPAROLE SOON AND OR MY MAX NEXT YEAR IF
AND WHEN I'AM RELEASED FROM THE RHU I'D
LIKE TO GO BACK TO BA, OR BB, OR AA WHICH
EVER BLOCK IS SAFFER FOR ME, I HAVE NO PROBLEMS
WITH NONE OF THE OFFICERS OR WHIT STAINTS OF
THIS FACILITY IT JUST A HAND FULL OF INMATES I
DISLIKE AND DO NOT GET ALONG

9. Response: (This Section for Staff Response Only)

We CAN disuss at PRC

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Date _____
                        Print              Sign

Revised July 2000   CC: Hon. JUDGE RICHARD P. CONABUY
                         HUMAN RIGHTS COALITION
                         U.S. DEPT. OF JUSTICE

EXHIBIT J.

| Form DC-135A   (SCI-MAH) **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| DEPUTY SUPERINTENDANT CENTRAL SERVICES (DSCS) | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) MS. B. MASON | 2. Date: TUESDAY NOVEMBER 14TH, 2017 |
|---|---|
| 3. By: (Print Inmate Name and Number) IRVING MURRAY #KP3561 *Irving Murray* Inmate Signature | 4. Counselor's Name      RECEIVED NOV 15 2017 DEPUTY SUPERINTENDENT CENTRALIZED SERVICES |
| | 5. Unit Manager's Name MR. CARROL |
| 6. Work Assignment N/A | 7. Housing Assignment: H-D 21-CELL |

8. Subject: State your request completely but briefly. Give details. Deputy mason
If I'am gonna Be Back here confined to the DTU/RHU Under INVESTIGATION FOR REPORTING AN ASSault upon my persons, MAy I "Please" Request to have all et seq. of my legal property so I CAN meet any Discovery motions Deadlines and make Sure I draft up copies by hand for all Defendants in Re:

Murray v. Wetzel, et al.,
Civil Action No: 3:17-cv-0491

9. Response: (This Section for Staff Response Only)

Write to the RHU Lt
about getting your legal work

| To DC-14 CAR only. ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / BMasonXS Date 11/20/17

Revised July 2000

MEDIA BJJ

K.

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

SUPERINTENDANT'S
ASSISTANT
OFFICE

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date MONDAY |
|---|---|
| MS. JANE HINMAN | NOVEMBER 27, 2017 |

| 3. By: (Print Inmate Name and Number) | 4. Counselor's Name |
|---|---|
| ~~IRVING MURRAY #KP3561~~ | CARO DISICY |
| *Irving Murray* | |
| Inmate Signature | 5. Unit Manager's Name |
| | MS. J. CARREY |

| 6. Work Assignment | 7. Housing Assignment |
|---|---|
| MISC / GLP | H-DTU CEll # 18 |

8. Subject: State your request completely but briefly. Give details. MS. HINMAN I'AM
WRITING YOU TO REMIND YOU AS TO IF YOU CAN
ASK DEPUTY MASON AS TO IF I WILL BE GETTING
TRANSFERRED AFTER THE INVESTIGATION. AND IF
I CAN BE PLACED ON A/C STATUS SO THAT
I CAN GO TO COMMISSARY BEFORE I'AM
TRANSFERED AC-STATUS WHEREAS I CAN ORDER
FOOD ITEMS WHILE BACK HERE OR WILL I BE
RELEASED BACK INTO GENERAL POPULATION RTU
STATUS ON AA OR BA UNIT? BECAUSE SECURITY
HAS NOT AS OF YET CAME TO SEE ME ABOUT
THE INVESTIGATION IT'S BEEN (19) DAYS THAT
I'VE BEEN SITTING BACK HERE AND HAVE NOT
RECEIVE A NOTICE OF EXTENTION OF TIME
AS OF YET.   PLEASE RESPOND BACK
                THANK YOU VERY MUCH

9. Response: (This Section for Staff Response Only)
*I will send this to Deputy Mason for you.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Date _____
                              Print              Sign

CC: U.S. MIDD. DIST COURT JUDGE
    WNEP-NEWS / HRC
    ATTY BRET D. GROTE, ESQ.

Revised July 2000

cc Deputy Mason

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVING MURRAY, (PLAINTIFF). | CIVIL NO. 03:17-CV-491 JURY TRIAL DEMANDED |
| v. | (JUDGE CONABOY) |
| JOHN E. WETZEL, et al., (DEFENDANTS) | FILED: 12/25/2017 /S/ Irving murray |

## CERTIFICATE OF SERVICE

I, Irving Murray, hereby certify that I am this 25th day of December 2017, depositing in the U.S. Mail a true and correct copy of this foregoing MOTION FOR IMMEDIATE COURT'S INVOLEMENT DUE TO MEDICAL AND THEIR AGENTS/DEFENDANTS ACTING IN CONCERT UPON BOTH U.S. DISTRICT CLERK OF COURT PETER J. WELSH, ESQ. MIDDLE DIST. COURT 235 NORTH WASHINGTON AVENUE, P.O. BOX 1148, SCRANTON, PA 18501-1148 AND UPON VINCENT R. MAZESKI, ESQ. ASSISTANT COUNSEL I.D. NO. PA. 73795 OFFICE OF CHIEF COUNSEL 1920 TECHNOLOGY PARKWAY MECHANICSBURG, PA. 17050, (717) 728-7763 11 page MOTION And thus satisfies the service requirements under Fed. R. Civ. P. 5(b)(2)(E); L.R. 5.7. Irving Murray declares under penalty of perjury pursuant to 28 U.S.C. § that he has mail to both U.S. Clerk of Courts Peter J. Welsh, and chief counsel Vincent R. Mazeski, Esq. by placing the same in an envelope and placing it in the BA unit R.T.U. outgoing mail Box with DC-138A CASH-SLIPS AS Legal-Mail.

/S/ Irving murray
IRVING MURRAY # KP3561
(PRO-SE) 301-MOREA ROAD
FRACKVILLE, PA. 17932-0001

DATED: December, 25th 2017
12-25-2017. -11-

IRVING MURRAY #KP-3561
301 MORCA ROAD
FRACKVILLE, PA 17932

LEGAL MAIL

MOTION/EXHIBIT

RECEIVED
SCRANTON
DEC 26 2017
PER_____
DEPUTY CLERK

PETER J. WELSH
OFFICE OF THE CLERK OF
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENN
WILLIAM J. NEALON U.S. & FED
235 NORTH WASHINGTON
POST OFFICE BOX-1148
SCRANTON, PA. 18501-1148

INMATE MAIL
PA DEPT OF
CORRECTIONS

hasler
12/22/2017
US POSTAGE

