IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 1 4 2018
PER _____ DEPUTY CLERK

IRVING MURRAY,

    Plaintiff

  v.                                   CIVIL NO. 3:CV-17-491

JOHN E. WETZEL, ET AL.,     (Judge Conaboy)

    Defendants

---

## MEMORANDUM
### Background

Irving Murray, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), filed the above captioned pro se civil rights action pursuant to 42 U.S.C. § 1983. A second action initiated by the Plaintiff was previously consolidated into this matter.

Named as Defendants in the consolidated filings are Secretary John Wetzel, Health Care Services Director Joseph Silva and Chief Grievance Officer Dorina L. Varner of the Pennsylvania Department of Corrections (DOC) and Correct Care Solutions. Also listed as Defendants are the following individuals employed at SCI-Mahanoy: Superintendent T. Delblaso; Major D. Damore; Deputy Superintendent for

1

Centralized Services B. Mason; Grievance Coordinator Jane Hinman; Unit Manager Kevin Kellner, Keri Moore; Health Care Administrator John Steinhart; Doctors Courtney Rodgers, Robert Marsh, Andrew Newton, Paul Noel, and Jay Cowan; Physicians' Assistants R. Miller and Nancy Palmigiano; Nurse Brenda Houser; PSS Amber Voekler; and LPM E. Everding.

Plaintiff asserts that he is not being provided with adequate medical care for his asthma, Hepatitis C, hypertension, epilepsy, and other health problems. Murray adds that the alleged withholding of needed treatment and medications is being undertaken in retaliation for his affiliation with a high profile prisoner. The Complaint also raises claims that prison officials have improperly required Murray to pay for pain medication through the prison commissary, falsified records, failed to provide mental health programming, and improperly assigned him to an upper bunk. Murray seeks declaratory and injunctive relief as well as compensatory and punitive damages.

Presently pending is a motion to dismiss filed by the Corrections Defendants. See Doc. 52. Specifically, the ten (10) Corrections Defendants are Wetzel; Debalso; Mason; Damore, Silva; Kellner; Hinman; Varner; Steinhart; and Houser. The opposed motion is ripe for consideration.

## Discussion

The Corrections Defendants claim entitlement to dismissal on the grounds that: (1) there are no assertions of personal involvement in constitutional misconduct raised against Defendants Wetzel, Debalso, Mason, Silva, Varner, Hinman, and Damore; (2) that allegation of verbal abuse by Major Damore is insufficient; (3) a viable retaliation claim is not alleged against Defendant Kellner; (4) Plaintiff fails to state an actionable claim of deliberate indifference against Defendants Steinhart and Houser; and (5) Murray's allegations under the Pennsylvania Constitution cannot proceed.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court in addressing a motion to dismiss must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A complaint must set forth facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P.

8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.[1]

The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a

---

[1] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.

4

plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Finally, it is noted that pro se pleadings must be afforded liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Personal Involvement**

The initial argument for dismissal contends that there are no allegations of personal involvement in constitutional misconduct raised against Defendants Wetzel, Debalso, Mason, Silva, Varner, Hinman, and Damore.[2]

A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). This is the personal involvement requirement. Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo

---

[2] The Moving Defendants acknowledge that Plaintiff raises contentions of verbal harassment against Major Damore, a claim which will be addressed separately.

5

v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

6

A review of the consolidated actions shows that Plaintiff is attempting to establish liability against Secretary Wetzel, Chief Grievance Officer Varner, Administrator Silva, Superintendent Debalso, Deputy Superintendent Mason, and Superintendent Assistant Hinman based solely upon either their respective supervisory capacities or their handling of Murray's grievances and administrative appeals. There are no allegations that any of those officials, most of whom are non-medical personnel,[3] were directly involved in the Plaintiff's medical treatment or housing assignments. Accordingly, entry of dismissal in favor of Defendants Wetzel, Debalso, Mason, Silva, Varner, and Hinman on the basis of lack of personal involvement is appropriate.

**Verbal Harassment**

The second argument for dismissal contends that the claims of verbal harassment by Major Damore are insufficient. See Doc. 53, p. 5.

A review of the Complaint shows that Murray maintains that he was subjected to verbal harassment and threats by Defendant Steinhart (Doc. 1, p. 10) as well as Unit Manager

---

[3] The Court of Appeals for the Third Circuit in Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) recognized that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.

7

Kellner and Major Damore (Id. at p. 20). There are no other discernible claims set forth against Damore.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example,

8

a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against Murray was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks attributed to Defendant Damore and other prison officials, although arguably offensive to Murray, were not of such

9

magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation. Dismissal will be granted in favor of Defendant Damore and with respect to all allegations of verbal abuse.

**Pennsylvania State Constitution**

Count II of the Complaint seeks to assert a claim for relief under Section 13 of the Pennsylvania State Constitution. See Doc. 1, p. 32. Corrections Defendants assert that his claim cannot proceed because there is no private cause of action for damages against state officials under the Pennsylvania Constitution. See Doc. 53, p. 10. They add that any claim for equitable relief under the Pennsylvania Constitution is barred by sovereign immunity. See id.

It is well settled that there is no private cause of a action for damages under the Pennsylvania Constitution. See Pocono Mountain Charter School v. Pocono Mountain School District, 442 Fed. Appx. 681, 687 (3d Cir. 2011)(there is no authorization for an award of money damages for violations of the Pennsylvania Constitution); Banks v. City of York, 2015 WL 4092342 * 10(M.D. Pa. July 7, 2015)(Kane, J.). Accordingly,

the request for dismissal with respect to the damages claim under the Pennsylvania Constitution will be granted.

The Moving Defendants additionally argue that the doctrine of sovereign immunity also bar any requests for injunctive or declaratory relief against state officials.

The Commonwealth of Pennsylvania has not waived immunity with respect to claims for injunctive relief which are asserted under the Pennsylvania State Constitution. See Cornish v. City of Philadelphis, 2015 WL 3387052 *9 (E.D. Pa. May 26, 2015); Pocono Mountain, 442 Fed. Appx at 688 (equitable remedies including declaratory and injunctive relief are available for claims under the Pennsylvania Constitution).

Corrections Defendants have not provided the Court with any authority to support their vague argument that individual state officials are entitled to sovereign immunity with respect to claims for injunctive relief raised under the Pennsylvania State Constitution. As such those claims will be allowed to proceed at this juncture.

**Deliberate Indifference**

The primary contention of Plaintiff's action is that he is not being provided with adequate medical treatment. His paramount concern takes issue that he should be provided with

a certain medication for Hepatitis C.

A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety. See Farmer, 511 U.S. at 837; Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective

component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, Plaintiff identifies himself as suffering from Hepatitis C, asthma, and other chronic conditions. Based upon those claims this Court is satisfied that the serious medical need requirement has been satisfied at this juncture in the proceedings.

Under the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is

whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

**Steinhart**

Corrections Defendants contend that the allegations that Steinhart directed Murray that he would have to obtain pain

14

medication form the commissary, told him he had to pay for his own medication, and tampered with the prisoner's medical records are insufficient to set forth a viable deliberate indifference claim.

The complaint includes allegations that Steinhart fabricated the Plaintiff's medical records including his diagnosis; stated that Murray would not be allowed dictate the type of medication he receives and that the Defendant didn't care if the Plaintiff died. Doc 1, p. 10.

It is also alleged that after Plaintiff was injured from a fall from a top bunk bed, Steinhart denied him needed care for chronic pain. See Doc. 1, p. 18. The Coplaint also asserts that Murray denued hepatitis testing, asthma inhalers and pain medication.

Based upon a review of Plaintiff's allegations against Health Care Administrator Steinhart they are sufficient to withstand scrutiny on a motion to dismiss. It is particularly noted that requiring payment for medical care is no a per se constitutional violation. However, because this Court has not been presented with opportunity to review Plaintiff's relevant medical records, determinations regarding Murray's condition need for treatment and what treatment was provided cannot be reached. As such, it simply cannot be determined on a motion

to dismiss as to whether a cognizable claim of deliberate indifference has been stated. Steinhart's request for dismissal will be denied.

**Houser**

Corrections Defendants correctly note that Plaintiff alleges that defendant Houser was deliberately indifferent to his medical needs by denying him a flu shot. See doc. 53, p. 9. They argue that Houser is entitled to entry of dismissal because he has not made a showing that he suffered from the denial of the flu shot.

Plaintiff identifies himself as suffering from Hepatitis C, asthma, and other chronic conditions. He contends that Houser denied him a flu shot because he was not a new parole violator. See Doc. 1, p. 14. Based upon the assertion that that Murray was denied a flu shot dfor a non-medical reason and despite suffering from serious chronic medical needs, his claim against Houser is sufficient to withstand scrutiny on a motion to dismiss.

**Retaliation**

It is alleged that Unit Manager Kellner retaliated against Murray for filing administrative grievances and his affiliation with another prisoner by denying him mental health programing. See Doc. 1, p. 19. Specifically it is alleged

16

that Kellner and Psychologist Voelker had Plaintiff transferred to a different housing unit so that he would be denied mental health programming.[4]

Corrections Defendants maintain that a viable claim of retaliation has not been asserted since Murray does not identify what specific grievance or lawsuit triggered tha alleged retaliatory action. Given the liberal treatment afforded to pro se litigants, the Plaintiff has arguably set forth a viable claim that his exercise of constitutionally protected conduct was a substantial or motivating factor for his transfer to a different housing unit.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing

---

[4] The Complaint also includes a claim that Kellner refused to provided Plaintiff with a lower bunk bed assignment despite the fact that he suffered from epileptic seizures and failed to have him immediately taken for treatment after he fell from his top bunk following a seizure. See Doc 1, p. 17. Those unaddressed claims will proceed.

17

adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Once Plaintiff has made a prima facie case, the burden shifts to Defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted).

18

When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

As noted in Allah, a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied. Thus, the relevant inquiry is not whether the alleged retaliatory conduct was unconstitutional. On the contrary, Plaintiff only needs to establish that he was subjected to adverse action in retaliation for his engagement in constitutionally protected conduct.

The pro se Plaintiff alleges that after filing multiple grievances pertaining to his medical treatment and because of his affiliation with a political prisoner, he was subjected to a retaliatory cell transfer. Attached to the Complaint are copies of multiple grievances initiated by Murray. Since this argument is presented in a motion to dismiss, Corrections Defendants have not provided this Court with sufficient facts to warrant a determination that Plaintiff would have been subjected to a cell transfer even if the inmate had not engaged in any constitutionally protected activity.

Given that the pro se Plaintiff contends that it was a combination of actions including the pursuit of multiple grievances (constitutionally protected activity) which led to the purported retaliation many of which are attached to the complaint, his failure to specifically identify the underlying grievance(s) does not warrant dismissal of this claim.

Since the Corrections Defendants have not satisfied their burden of showing that their actions would have been taken regardless of Plaintiff's submission of a grievances or his relationship with another inmates who is identified by name in the complaint, the request for dismissal of the retaliation claim against Kellner will be denied.

**Conclusion**

In conclusion the motion to dismiss will be granted in part. Dismissal is **GRANTED** in favor of Defendants Wetzel, Debalso, Mason, Silva, Varner, Damore, and Hinman. The claims against Defendants Houser, Kellner, and Steinhart will proceed. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 13, 2017