```
              IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

IRVING MURRAY,                  :
                                :
         Plaintiff              :
                                :
    v.                          :   CIVIL NO. 3:CV-17-491
                                :
JOHN E. WETZEL, ET AL.,         :   (Judge Conaboy)
                                :
         Defendants             :

_____

# ORDER
## Background

    Irving Murray, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), filed the above captioned pro se civil rights action pursuant to 42 U.S.C. § 1983. A second action initiated by the Plaintiff was previously consolidated into this matter.

    Remaining Defendants in the consolidated filings include multiple SCI-Mahanoy officials. Plaintiff asserts that he is not being provided with adequate medical care for his asthma, Hepatitis C, hypertension, epilepsy, and other health problems. Murray adds that the alleged withholding of needed treatment and medications is being undertaken in retaliation for his affiliation with a high profile prisoner. The

1

Complaint also raises claims that prison officials have improperly required Murray to pay for pain medication through the prison commissary, falsified records, failed to provide mental health programming, and improperly assigned him to an upper bunk.

Presently pending is Plaintiff's third motion seeking preliminary injunctive relief.  See Doc. 106.  By Order dated January 10, 2018 two earlier motions for preliminary injunctive relief filed by Murray were denied.

In his pending motion Plaintiff asserts that prison officials are: tampering and/or blocking his legal mail; issuing him false misconducts; denying him adequate psychiatric and Hepatitis C medication; and refusing to provide him with physical therapy.  Murray describes these alleged deprivations as being retaliatory.  The Remaining Department of Corrections (DOC) Defendants have opposed the motion.

## **Discussion**

As previously discussed by this Court, preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353

F. Supp. 542 (M.D. Pa. 1973)).  When considering a motion seeking preliminary injunctive relief, a court must consider four factors:  (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest.  S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)).

It is Murray who bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).  Most importantly, the Plaintiff must show that if his motion is not granted, he is likely to suffer irreparable harm before a decision on the merits can be rendered.  Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury has been defined as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  Relief may not be awarded unless "[t]he preliminary injunction [is] the only way of protecting the

plaintiff from harm." Id.

Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

The DOC Defendants initially argue that Plaintiffs' cannot obtain preliminary injunctive relief on non-related issues such as tampering with his legal mail and retaliatory misconduct charges. See Doc. 119, p. 4. They add that there are no allegations that any of the named Defendants are involved with the purported mail tampering and issuance of misconduct charges.

A review of the docket shows that Plaintiff continues to regularly files motions and other documents in this matter. Second, the pending motion does not identify any specific misconduct charges. Nor does Plaintiff identify any legal mail which was the subject of tampering. Moreover, this Court agrees that the Complaint does not raise any claims relating to mail tampering or fabricated misconducts. Based upon those considerations, this Court agrees that Plaintiff has not

4

satisfied his burden of demonstrating entitlement to preliminary injunctive relief with respect to the claims of legal mail tampering and issuance of bogus misconduct charges.

With respect to claims regarding Murray's medical treatment, the DOC Defendants maintain that Plaintiff is not likely to prevail on the merits of his pending case since his claims simply represent a disagreement over what treatment should be provided.

As discussed by this Court's March 15, 2018 Memorandum and Order, Hepatitis C is a progressive disease which causes liver damage, and in some instances death. The timing of treatment is important and there is a higher success rate when Hepatitis C treatment is initiated at an early stage. See Lee v Sewell, 159 Fed. Appx. 419, 421 (3d Cir. 2005) (prisoner's claim of being denied Hepatitis C medication for six months sets forth a viable claim of deliberate indifference).

Murray contracted Hepatitis C in or around 2000. See Murray v. Department of Corrections, Civil No 15-48, slip op. at p. 3. (W.D. Pa. Nov. 16, 2016). He did not receive any treatment prior to 2010 and thereafter underwent periodic diagnostic testing for his illness. See id. While incarcerated at SCI-Albion between 2012-2015 the Plaintiff was

5

regularly screened and evaluated and was a participant in the prison's Chronic Hepatitis Clinic. See id. at p. 6.

Plaintiff states that he reentered prison as a parole violator on October 14, 2016. See Doc. 1, p. 15. He admits that he was not receiving any Hepatitis C treatment at the time he entered SCI-Mahanoy. See id. at p. 27. It is undisputed that Murray continues to be seen at the prison's Hepatitis C clinic. An affidavit recently filed by Plaintiff admits that he was seen by a nurse in the Hepatitis C clinic on June 17, 2018. See Doc. 169.

The DOC has enacted a priority protocol for the treatment of Hepatitis C inmates and the Corrections Defendants' opposing brief represents that Murray's 2017 test results show that he falls within the lowest priority and that given the slow progression of this disease, Plaintiff is not presently at risk of irreparable harm.

It is undisputed that Plaintiff has a serious medical condition. It is equally clear that his condition will continue to worsen. Plaintiff seeks treatment with DAA medications (Sovaldi and Harvoni), which are described as being expensive but with high success rates and relative low risk side effects. The DOC has enacted a Hepatitis C protocol whereby all affected state prisoners are evaluated for

6

treatment by a Hepatitis C Treatment Committee.  According to the DOC Defendants' opposing brief, it has been determined Plaintiff is not yet entitled to treatment with DAA medications.  However, this conclusion is not supported by any competent medical evidence.

Given the age of this case, the passage of time since Plaintiff was diagnosed with Hepatitis C, and the fact that the representations regarding Plaintiff's present lack of need for DAA treatment set forth in the opposing brief are not supported by any medical evidence, the motion for preliminary injunctive relief will be granted in part.

Within thirty (30) days of the date of this Order, the Remaining Defendants will provide Plaintiff with an evaluation by a physician experienced in the treatment of Hepatitis C, and the use of DAA medications.  A written report setting forth the details and findings of the evaluation including any recommendations for treatment including whether Plaintiff is eligible for DAA medications under the DOC protocol policy shall be provided to Murray and filed with the Court within fourteen (14) days following the evaluation.

An appropriate Order will enter.

AND NOW, THIS 29th DAY OF JUNE, 2018, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for preliminary injunctive relief (Docs. 106) is **GRANTED IN PART.**
2. Within thirty (30) days of the date of this Order, the Remaining Defendants will provide Plaintiff with an evaluation by a physician experienced in the treatment of Hepatitis C, and the use of DAA medications.
3. A written report setting forth the details and findings of the evaluation including any recommendations for treatment including Murray's eligibility for DAA medications shall be provided to the Plaintiff and filed with the Court within fourteen (14) days following the evaluation.

<pre>
                        S/Richard P. Conaboy
                        RICHARD P. CONABOY
                        United States District Judge
</pre>