IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IRVING MURRAY (PROSE), (PLAINTIFF) | CIVIL ACTION NO. 3:17-CV-0491 |
|---|---|
| VS. | (JUDGE-CONABOY) |
| JOHN E. WETZEL (ETAL), (DEFENDANTS) | DATED: 7-16-2018 |

## EMERGENCY MOTION AND BRIEF TO INITIATE CONTEMPT PROCEEDINGS AND REQUEST FOR DAMAGES DUE TO THE DEFENDANTS MOTION OF RECONSIDERATION

FILED SCRANTON
JUL 19 2018
PER _____ DEPUTY CLERK

### BACKGROUND

Plaintiff Irving Murray an inmate currently incarcerated within the Pa(DOC) at the State Correctional Institution (SCI) Mahanoy. Plaintiff initiated the present action on March 20, 2017, by filing a civil rights complaint and injunction. Plaintiff primarily takes issue with his medical care for Hepatitis C (HCV) retaliation (Spoaliation-of-Evidence) etc, however, on June 29, 2018 this court issued an order granting injunctive relief. The court ordered Defendants to provide plaintiff

with an evaluation by an outside physician expert in treating HCV and use of DAADS. Defendants had no intentions on following the courts orders However plaintiff was told by Defendants miller Russell and Brenda Houser that they donot care about any orders from the courts and that plaintiff will just have to suffer with his painfull sypmtoms from his untreated Hepatitis C and that they donot have to follow any injunctions by any court especially when it comes to Chronic Hep-C

SHould this court hold them in contempt

Suggested Answer: Yes

## ARGUMENT

The court should hold them in contempt and Deny their motion to vacate its order because Defendants purposefully and maliciously delayed/denied care for a very long period of time hoping plaintiff would suffer the pains of his serious liver disease as they tourtured plaintiff knowingly. and they were well aware that plaintiff's sentence was due to expire a year and ½ half ago when the chosen a course of monitoring instead of medicating plaintiff.

-2-

now their acting as if the newly evidence is plaintiff sentence expires on October 14th, 2018. They will try every tactics they can to get out of treating Plaintiff with DAADS. They will even go to the extent of fabricating blood work, same as they've done in Abu-Jamals hearings as we must not forget Laura Neals introduced false evidence at a preliminary hearing before the honorable Robert D. Mariani.. Plaintiff is in need of a liver biopsies to determine the real extent of the progression of his diseased liver due to the Defendants extremely long delays and denials as the Defendants refuse to have plaintiff seen by Temple University doctors They/Defendants keeps arguing Lab work APRI-score and not doing a fibrosure test or liver biopsies or CATscans. Defendants deliberately denies plaintiff to be seen by a trained expert in the liver they fail to take plain to an outside liver specialest. Defendants says it cost the state too much money. Defendants had more than enough time to treat Plaintiff with DAA's. Plaintiff argues even if he was not maxing out his sentence they've been saving this same thing for over 8 years that Plaintiff remains low priority.

-3-

Defendants are fully liable for plaintiff's Liver disease progression because they deliberately purposefully prolonged any treatment with medications for (Hcv) and due to this may cause plaintiff future health to deteriorate as each day his condition is worsening. If this court grants Defendants motion to vacate this court will be responsible for plaintiff painfull death. The Defendants claims are bogus as they claim their reasons for not treating plaintiff is that plaintiff could stop taking the DAADS. this is not true plaintiff would like to live a painless future and would not stop taking such meds as prescribed. The chronic care clinic does not have a hepatologist it consist of 2 physicians Assistant not a expert in the liver.

## The Public Interest:

The public interest is served by particially granting plaintiffs injunctive relief. Defendants arguments are clearly Benign.

And as already discussed by this court's memorandum and order. Hepatitis C is a progressive disease which causes liver damage, and death. The timing of treatment is very important and there is a higher success rate when (HCV) treatment is initiated at an "early" not late stage. see Lee v. Sewell, 159 Fed. Appx. 419, 421 (3d cir. 2005). (prisoner's claim of being denied Hepatitis C medications for six months sets forth a viable claim of deliberate indifference. given the fact that plaintiff been denied for over 7 years.

Plaintiff Murray contracted (HCV) in or around 2000. See Murray v. Department of Corrections civil No. 15-48, slip op. at p. 3. (W.D. Pa. Nov. 16, 2016).
 It is undisputed that Plaintiff Murray has a very serious medical condition. It is equally clear that this condition will continue to worsen. Plaintiff now seeks punitive and compensatory damages since Defendants ignores court order to have him evaluated by an expert in the liver and the use of DAADs (Sovaldi or Harvoni). Within (30) days as of the 29th of June 2018 It is now July 18th, 2018 and Defendants refuses to have plaintiff seen by a Hepatologist to evauluate him. Defendant purposefully shuffles their feet and prolong pain and suffering tourture.

- 5 -

Defendants argue that Plaintiff is not eligible for DAA medications under the DOC protocol policy, the facts are plaintiff was and never will be eligible even if he's due to be released on 10/14/2018 the (DOC) protocol is designed not to treat inmates wheater they're eligible or not it discriminates as to who gets treatment and donot gets treated with DAAD's for non-medical reasons. So therefore the Judges order of June 29th 2018, was totally ignored by the remaining defendants. And Defendants shall and must be liable to any future liver scarring and disease progression.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Emergency Motion and Brief To initiate contempt proceedings and request for damages Due to The Defendants Motion of reconsideration be Granted and that the Defendants Motion to reconsider be denied.

Dated: 7/17/2018.

Respectfully-Submitted,
/S/ Irving Murray
Irving Murray #KP3561 (Prose)
301-Morea Road
SCI-MAHANOY
Frackville, PA. 17932

-6-

## CERTIFICATE OF SERVICE

I, Irving Murray, hereby certify that I am this 17th day of July 2018, depositing in the United States mail a true and correct copy of the foregoing Motion and Brief TO initiate Contempt Proceedings And request for damages Due to The Defendants Motion of Reconsideration upon Peter J. welsh and/or Hon. Richard P. Conaby at:  United state District court
Middle District of Penna.
William J. Nealon Federal Building
& United States CourtHouse
235 N. WASHINGTON AVE.
POST OFFICE BOX-1148
SCRANTON, PA. 18501-1148

and thus satisfies the service requirements under Fed. R. Civ. P. 5(b)(2)(E); L.R. 5.7.

/S/ Irving Murray

Irving Murray (Prose)
#KP3561/301 Morea Road,
SCI-MAHANOY
Frackville, PA. 17932

Dated: July. 17, 2018.

-7-

IRVING MURRAY #KP3561
SCI-MAHANOY-301 MOREA RD.
FRACKVILLE, PA. 17932

"LEGAL-SPEC-MAIL"
MOTIONS/ENCLOSED

RECEIVED
SCRANTON
JUL 19 2018
PER _____ DEPUTY CLERK

INMATE MAIL
PA DEPT OF
CORRECTIONS

Hasler   FIRST-CLASS MAIL
07/17/2018
US POSTAGE $000.89⁰
ZIP 17932
011E12650639

PETER J. WELSH, ESQ.
Hon. RICHARD P. CONABOY
UNITED STATES DIST COURT
MIDDLE DIST OF PENNA.
WILLIAM J. NEALON FEDERAL (BLDG).
& UNITED STATES COURTHOUSE
235 N. WASHINGTON AVENUE
POST OFFICE BOX-1148
SCRANTON, PA. 18501-1148.

18501$1148 B099